577 So.2d 346 (1991)
The AMERICAN LEGION CHAPPEPEELA POST # 255 OF LORANGER LOUISIANA
v.
John L. MOREL, Jr., Gloria Sibly Morel, and Donald B. Morel, Sr.
No. CA 89 2115.
Court of Appeal of Louisiana, First Circuit.
March 28, 1991.
Writ Denied May 31, 1991.
*347 James Dukes, Hammond, for plaintiff-appellee.
J.R. Schmidt, Hammond, for defendant-appellant.
Before SAVOIE, CRAIN and FOIL, JJ.
CRAIN, Judge.
This is an appeal of a judgment finding that Donald B. Morel, Sr. was not an innocent third party purchaser of immovable property and therefore not entitled to rely on the protection of the public records doctrine.

FACTS
On June 12, 1953, John L. Morel, Sr. and John L. Morel, Jr. transferred (donated) a parcel of immovable property to the American Legion Chappepeela Post No. 255 of Loranger (Post). The Post retained possession of the property, constructed a meeting house and used the property as a meeting area for their organization. The property is adjacent to the properties of John L. Morel, Sr. and John L. Morel, Jr. The participation in the Post dwindled and John L. Morel, Jr. feared that the property would be sold (John L. Morel, Sr. had since passed away). He requested that the Post transfer the property back to him. His son, Robert, was the Post commander at the time. The Post met regularly the first Thursday of each month. The by-laws required that the members be notified at least three days prior to each regular meeting. The membership of the Post was thirty-seven. Robert Morel called some, but not all, of the members for the regular meeting. On August 9, 1984, eleven people attended the meeting and seven members voted in favor of the transfer of the Post's property to John L. Morel, Jr. and Gloria Sibly Morel. The transfer took place on September 4, 1984. The property was transferred by Gloria and John Morel, Jr. to Donald B. Morel, Sr. on April 26, 1985. On that same day, Donald mortgaged the property to Community State Bank.
The Post brought this action to have the 1984 transfer of the property to Robert L. Morel, Jr. and his wife, Gloria, rescinded. Made defendants in this suit were Gloria and John B. Morel, Jr. and Donald B. Morel, Sr. The trial court rescinded the transfer of the property and this appeal was taken.
We affirmed the trial court judgment insofar as it rescinded the transfer of the property to Robert L. Morel and his wife Gloria. We remanded to the trial court for a determination of whether Donald B. Morel, Sr. was a good faith purchaser for value and entitled to rely on the public records doctrine and the potential effect, if any, on the mortgage placed on the property in question by Donald B. Morel, Sr., should he not be protected under the public records doctrine.
*348 The trial court found that Donald B. Morel, Sr. was not an innocent third party purchaser who should be protected by the public records doctrine and entered a judgment invalidating the transfer from Gail and John L. Morel, Jr. to Donald B. Morel, Sr. The court further held that the joinder of Community State Bank (bank with whom Donald B. Morel, Sr. mortgaged property) would significantly delay justice by requiring a retrial.
The issue for review is whether the trial court erred in finding that Donald B. Morel, Sr. was not an innocent third party purchaser entitled to the protection afforded by the public records doctrine.

ANALYSIS
As stated by the Louisiana Supreme Court in Dallas v. Farrington, 490 So.2d 265, 269 (La.1986):
Contracts affecting immovable property must be recorded in order to affect third parties. La.R.S. 9:2721 and 2756. The public records doctrine is essentially a negative doctrine declaring that what is not recorded is not effective except between the parties, and a third party in purchasing immovable property is entitled to rely on the absence from the public records of any unrecorded interest in the property such as a sale or a grant of a servitude. Phillips v. Parker, 483 So.2d 972 (La.1986). Because recordation is essential for effectiveness against third parties, actual knowledge by third parties of unrecorded interests is immaterial.
La.R.S. 9:2722 states:
Third persons or third parties so protected by and entitled to rely upon the registry laws of Louisiana now in force and effect and as set forth in this Chapter are hereby redefined to be and to include any third person or third party dealing with any such immovable or immovable property or acquiring a real or personal right therein as purchaser, mortgagee, grantee or vendee of servitude or royalty rights, or as lessee in any surface lease or leases or as lessee in any oil, gas or mineral lease and all other third persons or third parties acquiring any real or personal right, privilege or permit relating to or affecting immovable property.
The trial court made the determination of whether Donald B. Morel, Sr. was entitled to protection under the public records doctrine from the record of the trial proceedings without taking additional evidence. In a written opinion, the court held that Donald B. Morel, Sr., the brother of the Post commander, the vendor, and son of the vendee, was not an innocent third party purchaser who should be protected by the public records doctrine.
The court did not give an explanation as to why it found that Donald B. Morel, Sr. was not an innocent third party purchaser. It would appear that the court relied heavily on Donald B. Morel, Sr.'s kinship with the parties involved in the transfer of the property. We note, also, that the record indicates that the transaction between John L. Morel, Jr. and Donald B. Morel, Sr. was a cash deed, however, the stated consideration was not paid. The record does not disclose any other consideration for the transfer of the property. Absent consideration, the transaction was a donation and Donald B. Morel, Sr. was not a purchaser for value as required by La. R.S. 9:2722.
The appellant next argues that the trial court erred in failing to join the mortgagee, Community State Bank. The appellee argues that Community State Bank is an indispensable party because of the potential effect on the mortgage should Donald B. Morel, Sr. not be entitled to the protection of the public records doctrine. The appellant also questions whether Community State Bank is entitled to the protection of the public records doctrine.
Community State Bank was not a party to the proceedings. Neither appellants nor appellees questioned their absence from the proceedings at any time until this appeal was taken. The appellant does not represent Community State Bank. The issue of the mortgage on the property has not been litigated and is not before this *349 court. Without evidence questioning the good faith of Community State Bank, the public records doctrine should protect them as they have given value to the record owner of the property and could rely on the absence of recorded interests contrary to and prior to theirs. Dallas v. Farrington, 490 So.2d at 269. That is a matter which does not necessarily have to be litigated in this suit. Consequently, the bank's interest is not so directly affected by the judgment in this suit so as to require joinder as an indispensable party. La.C.C.P. art. 641. This assignment lacks merit. The judgment of the trial court is affirmed. All costs are assessed against the appellee.
AFFIRMED.