737 So.2d 932 (1999)
John Paris MURCHISON, et ux., Plaintiffs-Appellants,
v.
Billy R. TRAMMEL, et ux., Defendants-Appellees.
No. 99-69.
Court of Appeal of Louisiana, Third Circuit.
June 16, 1999.
Rehearing Denied July 29, 1999.
*933 Charles Overton LaCroix, Alexandria, for John Paris Murchison, et ux.
Ricky L. Sooter, Alexandria, for Billy R. Trammel, et ux.
Before DOUCET, Chief Judge, PETERS, and GREMILLION, Judges.
GREMILLION, Judge.
This is a boundary action. The plaintiffs, John and Laura Murchison, appeal the trial court's judgment fixing the northern boundary between property owned by them and the southern boundary of property owned by the defendants, Billy and Robbi Trammel. We affirm.
The main issue of this appeal is whether the trial court erred in determining that the Trammels are the owners of a sixty-foot strip of land located between property which they purchased at a sheriffs sale.

FACTS
The parties' ancestor in title is Darrell Van Willet, Jr. On March 28, 1983, Darrell and his former wife purchased two tracts of property from Martin Park, Inc. One of these tracts contained 161.23 acres and is located in Pineville. Both tracts of land which are at issue in this appeal were contained within this 161.23 acres. Intending to develop this tract as "The Oaks Subdivision," Darrell obtained a preliminary filing plat of the property from Thomas David, Jr., a surveyor. The subdivision contained eighteen lots and a right-of-way, "Jasmine Drive." On March 23, 1988, David prepared a survey of the northern 73.36 acres of the tract. This survey showed the exterior boundaries of the property, and included Lots One and Sixteen and the proposed "Jasmine Drive" *934 from the preliminary filing plat. This sixty foot right-of-way formed the eastern boundary of Lot One and the western boundary of Lot Sixteen. The Oaks Subdivision was never developed.
On April 11, 1988, Darrell mortgaged a portion of the 161.23 acre tract of land to Hibernia National Bank for $700,000.00. The property mortgaged was described as:
A certain piece, parcel or lot of ground, together with all improvements thereon, rights, ways and privileges thereunto belonging or in any way appertaining, being, lying and situated in Section 4, Township 4 North, Range 1 East of the Louisiana Meridian, near the City of Pineville, Rapides Parish, Louisiana and being more particularly described as follows to-wit:
A tract of 73.36 acres more or less which is more fully depicted on the plat of survey prepared by Pan American Engineers dated March 23, 1988, same being attached hereto, paraphed herewith and made a part hereof for greater certainty of description.
A portion of this property was released from Hibernia's mortgage on January 31, 1989. The next day, Darrell sold the released property to his brother and his brother's wife, John and Shirley Willet, for $360,000.00. The description of the property released and sold to the Willets was described as:
A certain piece, parcel or lot of ground, together with all improvements thereon, rights, ways and privileges there unto belonging or in any way appertaining, being, lying and situated in Section 4, Township 4 North, Range 1 East of the Louisiana meridian, near the City of Pineville, Rapides Parish, Louisiana and being more particularly described as follows to-wit:
A tract of 73.36 acres more or less (described by metes and bounds on the description attached hereto as Exhibit "A") which is more fully depicted on the plat of survey prepared by Pan American Engineers dated March 23, 1988, same being attached hereto as Exhibit "B", and paraphed herewith and made a part hereof for greater certainty of description.
LESS AND EXCEPT:
Lots one (1) and sixteen (16) of the 73.36 acre tract more fully depicted on the plat of survey prepared by Pan American Engineers dated March 23, 1988, same being attached hereto, as Exhibit "B", paraphed herewith and made a part hereof for greater certainty of description.
Both the Partial Release and the Cash Sale contained the statement, "The tract made the subject of this Partial Release [Cash Sale] is outlined in yellow on Exhibit `B'." Thus, Darrell sold all of the 73.36 acres to the Willets with the exception of Lots One and Sixteen. That same day, John and Shirley mortgaged their property to First Bank in exchange for $800,000.00. The same property description was used in the collateral mortgage, and included the statement, "The tract made the subject of this Collateral Mortgage is outlined in yellow on Exhibit `B'."
Both Darrell's property and the Willets' property were eventually sold at sheriffs sales. Darrell's property, Lots One and Sixteen, was seized pursuant to a writ of fieri facias to satisfy a money judgment obtained against him by Hibernia. It was sold on January 29, 1992, to the Trammels for $45,000.01. The Sheriffs Deed transferring the property to the Trammels was filed in the public records on February 3, 1992. The Willets' property, the remaining acreage, was sold due to delinquent taxes, first on July 18, 1990, to JOLA, Inc., and then again on May 8, 1991, to John D. Holmes.
Realizing that there was a problem with their southern boundary, the Trammels drafted a Boundary Agreement to establish the boundary between their property and that owned by the Willets. The agreement also contained a provision stating, "Appearers, JOLA, INC. and JOHN *935 D. HOLMES further declared that they are appearing herein for the purpose of consenting to and ratifying the boundary agreement herein made to the extent that they have an interest in and to the property herein mentioned." Attached to this agreement was a February 19, 1992 survey of the property. The boundary is described in the Boundary Agreement as:
Commencing at the point where the east line of the Northwest Quarter of the Southeast Quarter of Section 4, T4N, R1E, intersects the south right-of-way line of Pinehurst Drive, said point being marked with a ½" iron rod, as shown on plat of survey of Pan American Engineers, dated March 23, 1988, annexed hereto, and from said point run South 00° 14' 30" East along the east line of said northwest quarter a distance of 420.00 feet to the POINT OF BEGINNING. From said point of beginning run North 89° 34' 42" West a distance of 584.30 feet to a point; thence run North 01° 53' 20" East a distance of 248.33 feet to a point; thence run North 12° 23' 03" East a distance of 21.40 feet to a point; thence run South 89° 50' 55" West a distance of 738.62 feet to a point; being outlined in red on copy of Certificate of Survey prepared by Paul N. Fontenot, Registered Land Surveyor, dated February 19, 1992, annexed hereto and made a part hereof for greater particularity of description.
The Trammels executed this agreement on April 6, 1992. It was executed by John Murchison for JOLA on April 23, 1992, but was never executed by the Willets or John D. Holmes. The Boundary Agreement was filed in the conveyance records on February 28, 1997, following the commencement of this suit.
The day after John executed the Boundary Agreement, the tax sale to John D. Holmes was redeemed by John Willet, as evidenced by the redemption certificate filed in the conveyance records that same day. Also filed that day was an Extract of Dation en Paiement by Murchison. The extract, executed September 29, 1990, transferred the same property from JOLA to Murchison in satisfaction of a $28,500.00 debt. A Dation En Paiement was executed that same day canceling a $28,148.00 debt owed by JOLA to Murchison. This document was not filed in the Rapides Parish public records until February 23, 1995.
On June 26, 1996, the Willets sold their interest in the property to the Murchisons for $100.00. The property was described as:
A certain piece, parcel or lot of ground, together with all improvements thereon, rights, ways and privileges there unto belonging or in any way appertaining, being, lying and situated in Section 4, Township 4 North, Range 1 East of the Louisiana meridian, near the City of Pineville, Rapides Parish, Louisiana and being more particularly described as follows:
A tract of 73.36 acres more or less, less and except a tract designated as "Lot One" and a tract designated as "Lot Sixteen" on a plat of survey prepared by Pan American Engineers dated March 23, 1988;
Being the identical property acquired by John Kent Willet and Shirley Michelli Willet from Darrel V. Willet, Jr. by Act of Cash Sale dated February 1, 1989 and recorded February 2, 1989 in Conveyance Book 1255, Book 461, records of Rapides Parish, Louisiana, to which Act of Cash Sale the said plat of survey by Pan American Engineers is attached.
The Act of Sale Without Warranty further acknowledged that the Willets were aware that a conflict had arisen over the boundary of the above described property and the south and west boundaries of Lot One and the south and east boundary of Lot Sixteen. They further declared that they had intended to purchase the sixty foot right-of-way in order to gain access to Pinehurst Drive. They stated that the purchase of the roadway was an essential part of the consideration for the sale, and *936 that they would not have purchased the property if were not included. This document was filed in the public records on February 18, 1997.
On February 10, 1997, the Murchisons filed the instant Petition to Fix Boundaries. They sought to vacate the February 1, 1989 sale by Darrell to the Willets, alleging that Darrell's reservation of Lots One and Sixteen was so vague and ambiguous that it was impossible to determine what property he was reserving. In the alternative, the Murchisons asked that the boundary be established between Lots One and Sixteen, and their property. Denying the Murchisons' claims, the Trammels reconvened and requested that the boundary be established as provided in the February 19, 1992 survey, and that they be allowed damages for the cloud on their title resulting from the Murchisons' actions.
In their First Supplemental and Amending Petition to Fix Boundaries, the Murchisons added Darrell as a defendant to their suit, and requested a judgment declaring that he sold the sixty foot right-of-way to their ancestors-in-title, the Willets, or that the boundary be established between their tract of land and his if it was determined that he was still the owner.
Following a bench trial on May 1, 1998, the trial court issued written reasons, finding that Darrell's reservation of Lots One and Sixteen was not vague and ambiguous and set the boundaries between the Murchisons' tract and the Trammels' tract pursuant to the February 19, 1992 survey. The trial court granted the Murchisons' request to set the boundary between their tract of land and the Trammels' tract, but denied their request to nullify the February 1, 1989 sale from Darrell to the Willets. A judgment was rendered in this matter on October 7, 1998.

LAW
The determination of a boundary's location is factual, and the trial court's finding will not be reversed on appeal in the absence of manifest error. Barker v. Quality Builders, Inc., 503 So.2d 1170 (La. App. 3 Cir.1987). A boundary between contiguous tracts of land may be fixed either judicially or extrajudicially. La.Civ. Code art. 789. When a boundary is fixed extrajudicially pursuant to a boundary agreement, that agreement has the same effect as a compromise between the adjoining land owners. La.Civ.Code art. 795.

DISCUSSION
After reviewing the record, we find no error in the location of the boundary between the Murchisons' property and the Trammels' properties as determined by the trial court. In this instance, the chain of title of the Murchisons' property going back to Darrell consistently refers to the 73.36 acres less and except Lots One and Sixteen. The Pan American Engineer's survey referenced in the Partial Release, the February 1, 1989 Cash Sale, and the First Bank Mortgage depicts the entire 73.36 acres, with the portion subject to the release outlined in yellow. The sixty-foot right-of-way and Lots One and Sixteen were not included within the portion outlined in yellow. At no time was the right-of-way included in the property purchased by the Willets. The Trammels purchased the property reserved to Darrell (Lots One and Sixteen) at the January 29, 1992 sheriffs sale. The sheriffs deed, the writ, and the money judgment all used the same property description, again referencing the March 23, 1988 Pan American Engineers survey.
All of the documents pertaining to the property at issue were filed in the Rapides Parish conveyance records. Thus, the Trammels, as third party purchasers, are protected by the public records doctrine. La.Civ.Code art. 1839[1] and *937 La.R.S. 9:2721[2] and 2756.[3]
A third party purchaser is entitled to rely on the absence from the public record of any unrecorded interest in the property[,] Hendrix v. Farrington, 490 So.2d 265 (La.1986)[,] and may rely on the ownership status of real property as reflected on the face of the public record. Noe v. Roussel, 310 So.2d 806 (La. 1975).
Schudmak v. Prince Phillip Partnership, 573 So.2d 547 (La.App. 5 Cir.1991).
The Murchisons further argue that the trial court erred in refusing to admit documentation from the Rapides Parish Tax Assessor's Office. They claim that these exhibits put the Trammels on notice that the sixty foot right-of-way was owned by the Willets. We disagree. "[W]here third parties are involved, tax assessor records do not defeat official conveyance records. McDuffie v. Walker, 125 La. 152, 51 So. 100 (1909)." Bailey v. Parish of Caddo, 30,822 (La.App. 2 Cir. 8/19/98); 716 So.2d 523, writ denied, 98-2642 (La.12/11/98); 730 So.2d 461. The trial court is accorded vast discretion in the admission or exclusion of evidence, and its decision will not be reversed on appeal absent an abuse of that discretion. O'Neill v. Thibodeaux, 97-1065 (La.App. 3 Cir. 3/6/98); 709 So.2d 962, writ denied, 98-741, 98-870 (La.5/1/98); 718 So.2d 416, 420. We find no abuse of that discretion in this instance.
The Murchisons further argue that the trial court erred in admitting the Boundary Agreement because it was not signed by the owners of the property. They claim that JOLA was not the record owner of the property when John executed the document on its behalf because it had transferred the property to them on September 29, 1990. They further claim that the Boundary Agreement should not have been enforced since it was not filed for record against a third party. We disagree with both arguments.
Although JOLA had transferred the property to the Murchisons in payment of a debt on September 29, 1990, the Extract of Dation En Paiement was not filed into the conveyance records until April 24, 1992, the day after John executed the Boundary Agreement. Thus, JOLA still had an interest in the property pursuant to the public records when the Boundary Agreement was drafted and executed by the Trammels and John.
Additionally, we do not find that the Murchisons were third parties to this agreement as contemplated by the public records doctrine. In executing the agreement, JOLA consented to and ratified the boundary agreement to the extent of its interest in the property. John, as its secretary, executed the agreement on its behalf. As a privy to the contract, he is not *938 an innocent third person entitled to protection under the public records doctrine. Nor is Laura entitled to protection. JOLA transferred the property to both John and Laura. A wife is not a third person with regard to the public records doctrine. Bordelon v. Bordelon, 499 So.2d 1050 (La.App. 3 Cir.1986). Since the Murchisons were, in effect, parties to the Boundary Agreement, the trial court did not err in enforcing the agreement against them.
Finally, the Murchisons argue that the trial court erred in fixing the boundaries in accordance with the February 19, 1992 survey attached to the Boundary Agreement. They base their argument on the fact that the trial court refused to admit the survey into evidence in the absence of testimony from the surveyor. We disagree. The Murchisons consented to the Boundary Agreement pursuant to John's execution of the document on April 23, 1992. Thus, the Boundary Agreement is binding on them. La.Civ.Code art. 795.

CONCLUSION
For the forgoing reasons, the judgment of the trial court setting the boundary between the contiguous tracts of land owned by the Murchisons and the Trammels is affirmed. The costs of this matter are assessed to the plaintiffs-appellants, John and Laura Murchison.
AFFIRMED.
NOTES
[1] La.Civ.Code art. 1839 provides:

A transfer of immovable property must be made by authentic act or by act under private signature. Nevertheless, an oral transfer is valid between the parties when the property has been actually delivered and the transferor recognizes the transfer when interrogated on oath.
An instrument involving immovable property shall have effect against third persons only from the time it is filed for registry in the parish where the property is located.
[2] La.R.S. 9:2721(A) provides:

No sale, contract, counter letter, lien, mortgage, judgment, surface lease, oil, gas, or mineral lease, or other instrument of writing relating to or affecting immovable property shall be binding on or affect third persons or third parties unless and until filed for registry in the office of the parish recorder of the parish where the land or immovable is situated. Neither secret claims or equities nor other matters outside the public records shall be binding on or affect such third parties.
[3] La.R.S. 9:2756 provides:

All sales, contracts and judgments affecting immovable property, which shall not be so recorded, shall be utterly null and void, except between the parties thereto. The recording may be made at any time, but shall only affect third person from the time of the recording.
The recording shall have effect from the time when the act is deposited in the proper office, and indorsed by the proper officer.