h GREMILLION, Judge.
The plaintiff, Paula Brown, was injured in a one-car accident on Louisiana Highway 674 near Jeanerette, Louisiana. Following a verdict in favor of the defendant, the State, through the Department of Transportation and Development (DOTD), Brown appeals a ruling by the trial court excluding testimony concerning prior accidents at the site of her accident and the trial court’s denial of her Batson motion during jury voir dire. For the following reasons, we vacate the judgment of the trial court and remand the matter for further proceedings.
FACTS
Brown was traveling in a westerly direction on Highway 674 near Jeanerette in Iberia Parish on January 13, 1996, at approximately 5:40 in the morning. As Highway 674 approaches a “T” intersection with Louisiana Highway 85, the road curves to the left, but the white line outlining the outer portion of the paved lane ends. LWhen Brown reached this point, *773 her car left the traveled portion of the road and she overcorrected while attempting to steer it back onto the road. Consequently, she lost control of her car, which went into a spin and flipped, eventually coming to rest on the opposite side of the road. Brown was ejected from the vehicle during the accident and suffered serious injury to her left leg.
Brown filed suit against DOTD and American Honda Motor Co., Inc. (Honda), the manufacturer of the car she was driving, seeking damages under negligence, strict liability, and products liability theories of recovery. She later added J.P. Thibodeaux as a defendant, alleging that it repaired the driver’s side seat belt of her car prior to the accident. All of the defendants denied liability. Following various procedural maneuvers, the matter proceeded to trial against DOTD, the only remaining defendant.[1]
Prior to the jury trial, DOTD filed a motion in limine seeking to exclude, among other things, the testimony of homeowners living adjacent to the location of Brown’s accident concerning evidence of other accidents at that site. Pursuant to a telephone conference, the trial court issued a preliminary ruling excluding the testimony. The parties reargued the matter the morning of the trial. At that time, the trial court held that the evidence was inadmissible based on statute and case law; however, it failed to specify which statute or cases barred it from introducing the evidence into the record.
During voir dire, Brown’s counsel objected to DOTD’s alleged racially motivated use of peremptory challenges to strike five African Americans from the Injury. She based her motion on Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). After questioning DOTD with regard to its striking of a particular prospective juror, the trial court held that DOTD provided a reasonable explanation and denied Brown’s Batson motion. The matter then proceeded to trial, after which the jury rendered a verdict finding DOTD free of fault in causing Brown’s accident. A judgment was rendered in this matter on October 23, 1998. Brown’s appeal followed.
ISSUES
Brown raises two assignments of error on appeal. However, since we find merit in her first assignment of error, we preter-mit any discussion concerning her Batson motion. Brown argues that the trial court erred in excluding the testimonial evidence of witnesses to other accidents occurring in the vicinity of her accident based on Reichert v. State, Through DOTD, 96-1419, 96-1460 (La.5/20/97); 694 So.2d 193.
EVIDENCE OF OTHER ACCIDENTS
In her first assignment of error, Brown argues that 23 U.S.C. § 409 and Reichert, as interpreted by the supreme court, do not apply in this instance because the evidence sought to be introduced was not obtained from the state. She argues that the testimony of the neighboring witnesses does not qualify as “evidence of highway safety collected or compiled by the state for the purpose of obtaining federal funds.” We agree.
23 U.S.C. § 409 provides:
Notwithstanding, any other provision of law, reports, surveys, schedules, lists, or data compiled or collected for the purpose of | identifying, evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 152 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds shall not be subject to discovery or admitted into evidence in a Federal or State court proceeding or considered *774 for other purposes- in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data.
The evidence sought to be admitted consisted of the testimony of three persons living near the vicinity of Hwy. 674 where Brown’s accident occurred. Their testimony pertained to the occurrence of other accidents at this location. In excluding the evidence, the trial court stated:
Okay. I am, of course, telling you now that that evidence will not be admissible as to the current state of law as I understand it. I will state for the record that I do think it is relevant evidence. I’m barred by statute and by case law from allowing that introduction of the evidence as I understand the law.
The trial court is accorded vast discretion in the admission or exclusion of evidence and its decision to admit or exclude will not be reversed on appeal in the absence of an abuse of discretion. Murchison v. Trammel, 99-69 (La.App. 3 Cir. 6/16/99); 737 So.2d 932. After reviewing-the proffered deposition testimony of the three potential witnesses, we find that the trial court erred in excluding their testimony. This evidence pertains to the firsthand knowledge, impressions, and opinions of the homeowners'in regard to other accidents occurring at the location of Brown’s accident. It is not the type of evidence deemed inadmissable by 23 U.S.C. § 409, since it is not collected by the state “for the purpose of identifying, evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions” or “for the purpose of developing any highway safety construction | ^improvement project which may be implemented utilizing Federal-aid highway funds.”
In its brief, DOTD states that the trial court correctly excluded the testimony as irrelevant because it would “unfairly prejudice [it] because [the evidence] would have allowed the jury to conclude, without sufficient facts to support the conclusion, that prior accidents meant that the road was dangerous.” However, there is nothing in the record substantiating DOTD’s statement and, in direct contradiction, the trial court stated for the record that it found the evidence relevant. We are cognizant of the line of cases that would allow the evidence to be admitted only if the circumstances of the prior accidents were similar to the accident in the instant case. See Lee v. K-Mart Corp., 483 So.2d 609 (La.App. 1 Cir.1985), writ denied, 484 So.2d 661 (La.1986) and the cases cited therein. The issue of relevance is not before us on appeal, thus, we shall not address it nor the correctness of the trial court’s finding that the testimony is relevant evidence.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is vacated and the matter is remanded to the trial court for further proceedings. The costs of this appeal are assessed to the State, through the Department of Transportation and Development.
JUDGMENT VACATED AND REMANDED.

. Brown dismissed with prejudice her claims against both Honda and J.P. Thibodeaux. As a result of her dismissal, DOTD dismissed its cross-claims against both parties.