817 So.2d 418 (2002)
Alfred L. MATHEWS, Jr., Plaintiff-Appellant,
v.
Emmett A. MATHEWS, Linda Mathews And Charles R. Gilbert, Defendants-Appellees.
No. 35,984-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 2002.
Coyle & Green by W. Kyle Green, for Appellant.
Avery & Robinson by Jeffrey L. Robinson, John C. Blake, Jonesboro, for Appellees.
Before BROWN, PEATROSS and KOSTELKA, JJ.
KOSTELKA, J.
Alfred Mathews ("Alfred") appeals the judgment of the Second Judicial District Court for the Parish of Jackson which granted the Motion for Summary Judgment by Charles and Martha Gilbert and dismissed the claims against them put forth in Alfred's Petition for Declaration of Nullity of Sale, Donation Inter Vivos, and Act of Partition. For the reasons assigned below, we reverse.

FACTS
On January 22, 1996, Lavada Gilbert Mathews ("Lavada") executed a Cash Sale Deed purportedly transferring to her son, Emmett Mathews ("Emmett"), full ownership *419 of fifty-one acres of land located in Jackson Parish (the "property"). In consideration for the property, Emmett was to pay $2,000.00 in cash, receipt of which was acknowledged in the deed.[1] This document was recorded in the public records of Jackson Parish on January 23, 1996.
On March 31, 1997, Emmett and his wife, Linda, executed an Act of Donation Inter Vivos donating to his first cousin, Charles Gilbert, and his wife, Martha Gilbert (collectively, the "Gilberts"), a one-half undivided interest in the property. An acceptance of said donation was executed by the Gilberts on April 1, 1997. Both the donation and acceptance were recorded in the public records of Jackson Parish on April 1, 1997.
In June 1998, Emmett, his wife, and the Gilberts, executed an act of partition in which the previously co-owned property was partitioned into two separate tracts. One tract consisting of twenty-six and one-half acres was transferred in full ownership to Emmett and Linda Mathews and the other tract consisting of twenty-four and one-half acres was transferred in full ownership to the Gilberts. This act was recorded in the public records of Jackson Parish on June 18, 1998.
In December, 1999, Alfred, Emmett's brother and also the son of Lavada, filed his Petition for Declaration of Nullity of Sale, Donation Inter Vivos and Act of Partition, which named as defendants Emmett and Linda Mathews and the Gilberts. Alfred alleged that the initial transfer from Lavada to Emmett was a pure simulation because Lavada never intended to actually transfer ownership of the property and it was, therefore, an absolute nullity. Accordingly, Alfred alleged that the subsequent donation inter vivos to the Gilberts and the act of partition are also absolute nullities. Alfred also filed a Notice of Lis Pendens in the public records for Jackson Parish against the entire fifty-one-acre tract.
Subsequently, Alfred filed a supplemental and amending petition, wherein he alleged that Lavada had died intestate and that he was one of her only two heirs. Furthermore, Alfred added the allegation that the Gilberts were not good-faith purchasers of the property in question, that they had not relied on the public records, and that they had not acquired the property by onerous contract.
The Gilberts filed a Motion for Summary Judgment stating that they, as third-party transferees of the property in question, were protected by the public records doctrine. After hearing oral arguments on the matter and considering the parties' memoranda with supporting affidavits, the trial court rendered judgment dismissing Alfred's claims against the Gilberts. It is from that judgment that Alfred appeals.

DISCUSSION
On appeal, Alfred argues that the trial court erred in granting the Gilberts' Motion for Summary Judgment and apparently considering the Gilberts third parties entitled to protection under Louisiana's public records doctrine. The Gilberts maintain that they, as third parties to the original act between Emmett and Lavada, are protected by Louisiana's public records doctrine as embodied in La. R.S. 9:2721, et seq. and that any claims against them by Alfred were properly dismissed as a matter of law.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action except those disallowed by La. C.C.P. art. 969. The procedure is favored and shall *420 be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted. La. C.C.P. art. 966(C)(1). The burden of proof remains with the mover unless he would not bear the burden at trial of the matter before the court on the motion for summary judgment. La. C.C.P. art. 966(C)(2).
In arguing that the Gilberts should not be accorded third party status under the public records doctrine, Alfred points to La. C.C. art. 2035, which states that "[n]ullity of a contract does not impair the rights acquired through an onerous contract by a third party in good faith. If the contract involves immovable property, the principles of recordation apply." The "principles of recordation" which apply are embodied in La. R.S. 9:2721, et seq. Louisiana R.S. 9:2721(A) provides that:
No sale, contract, counter letter, lien, mortgage, judgment, surface lease, oil, gas or mineral lease, or other instrument of writing relating to or affecting immovable property shall be binding on or affect third persons or third parties unless and until filed for registry in the office of the parish recorder of the parish where the land or immovable is situated. Neither secret claims or equities nor other matters outside the public records shall be binding on or affect such third parties.
Louisiana R.S. 9:2722 provides that:
Third persons or third parties so protected by and entitled to rely upon the registry laws of Louisiana now in force and effect and as set forth in this Chapter are hereby redefined to be and to include any third person or third party dealing with any such immovable or immovable property or acquiring a real or personal right therein as purchaser, mortgagee, grantee or vendee of servitude or royalty rights, or as lessee in any surface lease or leases or as lessee in any oil, gas or mineral lease and all other third persons or third parties acquiring any real or personal right, privilege or permit relating to or affecting immovable property.
While other incarnations of the public records doctrine can be found throughout Louisiana law, these two statutes reflect the most all-encompassing expression of the doctrine behind which lies the overriding public policy of maintaining the stability of land titles. Blevins v. Manufacturers Record Pub. Co., 235 La. 708, 105 So.2d 392 (La.1957). "[T]he primary concern of the public records doctrine is the protection of third persons against unrecorded interests." Phillips v. Parker, 483 So.2d 972, 976 (La.1986).
Louisiana C.C. art. 2035 clearly states that only those third parties who acquired their rights via an onerous contract are protected in the event that a preceding contract is deemed null. The article then points to the further rules regarding the recordation of contracts involving immovable property, e.g., those embodied in La. R.S. 9:2721, et seq. Third parties or third persons for purposes of the public records doctrine are defined in La. R.S. 9:2722.
We determine that the Gilberts should not be considered third parties protected under the public records doctrine. It is apparent from the applicable case law that the intent of the public records doctrine is to protect those third parties whose reliance was somehow to their detriment, as a purchaser, mortgagee, grantee, vendee or lessee. Murchison v. Trammel, 99-69 (La.App. 3d Cir.06/16/99), 737 So.2d 932, writ denied, 99-2575 (La.11/19/99), 749 So.2d 679; Ridgedell v. Succession of *421 Kuyrkendall, 98-1224 (La.App. 1st Cir.05/19/99), 740 So.2d 173; Frazier v. Frazier, 499 So.2d 229 (La.App. 2d Cir. 1986), writ denied, 500 So.2d 412 (La. 1987); Owen v. Owen, 336 So.2d 782 (La. 1976). The Gilberts did not acquire their ownership of the property through an "onerous contract," i.e., a purchase. Here, the Gilberts did not pay any consideration for the property but merely accepted a gratuitous donation and were not purchasers for value of the property. Thus, they would not be protected third parties under La. R.S. 9:2722. See, American Legion Chappepeela Post # 255 of Loranger Louisiana v. Morel, 577 So.2d 346 (La.App. 1st Cir.1991), writ denied, 580 So.2d 924 (La. 1991).[2] Resultantly, the trial court erred when it determined that the Gilberts were entitled to summary judgment as a matter of law.
Only a trial on the merits will determine if the initial transfer of the property from Lavada to Emmett was a pure simulation or a disguised donation. The only issue presented on appeal is the trial court's granting of the Gilberts' Motion for Summary Judgment apparently based on the public records doctrine which we find inapplicable in this case.

CONCLUSION
For the foregoing reasons, the trial court's judgment granting the motion for summary judgment filed on behalf of Charles Gilbert and Martha Gilbert is hereby reversed. Costs of this appeal are assessed to the Gilberts.
REVERSED.
NOTES
[1] The property was acquired by Emmett as his separate property.
[2] By analogy, we have also considered the reformation of deeds. Heirs, who are also donees but by virtue of a donation mortis causa and not by donation inter vivos, are not entitled to rely on the public records doctrine in the reformation of an erroneous deed. See, Boudreaux v. Shadyside Company, 111 So.2d 891 (La.App. 1st Cir.1959).