STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1528 consolidated with 10-1529

EDWARD D. GUTIERREZ

VERSUS

DAVID M. BALDRIDGE, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2009-1819 C/W 2009-2962
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Oswald A. Decuir, James T. Genovese, and Shannon J. Gremillion, Judges.

AFFIRMED.

B. Gerald Weeks
The Weeks Law Firm
1150 Expressway Drive, Suite 205
Pineville, LA 71360
(318) 442-3045
Counsel for Plaintiff/Appellant:
Edward D. Gutierrez

Cade Evans
Megan E. Donohue
John William Kolwe
Jones, Walker, Waechter, Poitevant, Carrère & Denègre, LLP
P. O. Drawer 3408
Lafayette, LA 70502-3408
(337) 262-9000
Counsel for Defendants/Appellees:
David M. Baldridge
Alexis R. Baldridge

**GREMILLION, Judge.**

Edward D. Gutierrez is the Plaintiff/Appellant in one of two cases consolidated for trial and on appeal, and is the Defendant/Appellant in the other. He objects to the granting of summary judgments in favor of Defendant/Appellee, David M. Baldridge, and Plaintiff/Appellee, A & A Construction, LLC. For the reasons that follow, we affirm the trial court.

**FACTS AND PROCEDURAL HISTORY**

On March 26, 2009, Gutierrez filed suit against Baldridge and his wife, Alexis R. Baldridge, alleging that in June 2005, he and Baldridge undertook work under the auspices of A & A (of which Baldridge was the principal member) in order to utilize A & A's tax ID number and its liability insurance coverage. Gutierrez asserts that he was hired as a consultant to DII, a contractor for housing replacement in Mississippi, Louisiana, and Texas. His position allowed Gutierrez to channel work to A & A that allegedly profited A & A to the tune of over $1,400,000.00. Gutierrez alleged that this arrangement did not violate the policies of DII. He further alleged that in July 2007, he entered into a formal partnership with Baldridge, by which Gutierrez asserted he was entitled to half the profits of A & A.

Baldridge reconvened against Gutierrez alleging that Gutierrez owed him $62,324.80 for Gutierrez's share of the outstanding liabilities of A & A, per the partnership agreement of July 2007.

On May 15, 2009, A & A filed a "Petition for Foreclosure by Ordinary Process," against Gutierrez alleging that it was the holder of a promissory note executed by Gutierrez on May 19, 2006, in the amount of $180,000.00 and bearing 7% interest. That note was secured by a collateral mortgage against lot 7 of Points of View subdivision in Lafayette Parish. A & A's suit alleged that no payments had

been made on the note and sought payment of the secured sum plus interest and recognition of its mortgage against the property.

On April 19, 2010, Baldridge filed a motion to fix the matter for trial on September 27, 2010. The trial court fixed the matter for September 13, 2010, "with a scheduling order to be submitted by the Court." On April 30, 2010, the trial court consolidated the two cases for trial. The court also issued a scheduling order[1] that required the parties to disclose their witnesses and exhibits no later than 60 days before trial.

On July 19, Baldridge and his wife filed Exceptions of No Cause of Action and Prescription in which they alleged that Gutierrez had no cause of action against Alexis Baldridge and that his claims against both Baldridges were prescribed under the terms of La.R.S. 12:1502, which fixes a one-year prescriptive period for claims against any officer, director, shareholder, member, manager, general partner, limited partner, managing partner, or other person similarly situated for an unlawful distribution, return of an unlawful distribution, or for breach of fiduciary duty. Baldridge also filed a motion for summary judgment asserting that no arrangement existed between him and Gutierrez before they entered into the partnership, and he thus owed nothing to Gutierrez for a share of the profits and that Gutierrez owed his share of the operating expenses of A & A in the amount of $62,324.80. The hearing on these matters was fixed for August 30, 2010.

On August 16, Baldridge and A & A filed a motion in limine seeking to preclude Gutierrez from presenting any documentary or testimonial evidence as a consequence of his failure to file a witness and exhibit list as required by the trial

_____

[1] The scheduling order does not appear in the record, but there is no dispute as to its contents.

2

court's scheduling order. Gutierrez does not dispute that he failed to timely file this list.

Gutierrez submitted an opposition to the motion for summary judgment on August 20, 2010. Gutierrez attached to his opposition the affidavits of Neal Gautier and Billy Hardin. Gautier attested that in 2006 he was a project manager for DII who worked under Gutierrez in Chalmette, Louisiana, supervising the hauling and installation of trailers. He contacted Baldridge to discuss some difficulties A & A seemed to be having keeping up with the contract schedule, and to notify him that if the situation did not improve DII would have to hire additional contractors to get caught up. According to Gautier's affidavit, Baldridge told him "in no uncertain terms" that no additional contractors would be hired because Gutierrez was his partner in A & A. Hardin attested that in October 2005 Gutierrez had introduced Baldridge to him as his partner in A & A. According to Hardin, Baldridge gave him his personal telephone number in case Hardin had "some work for he and Don [Gutierrez] to do."

On August 26, Baldridge filed a motion to strike the affidavits of Gautier and Hardin, as they had not been identified in any responses to discovery and not listed by Gutierrez in a witness and exhibit list. Baldridge prayed that the motion to strike be heard before the motion for summary judgment.

The trial court heard the motion to strike, the exceptions, and motion for summary judgment on August 30, 2010. Gutierrez objected to the expedition of the hearing on the motion to strike, and was granted two days to prepare a response. On September 3, 2010, the trial court rendered written reasons granting the exception of no cause of action on behalf of Alexis Baldridge, denying the exception of

3

prescription, granting Baldridge's motion to strike, and granting him summary judgment on the main demand, but denying it on the reconventional demand. From this judgment Gutierrez appealed.

**ASSIGNMENTS OF ERROR**

Gutierrez assigns the following errors:

1. The trial [court] committed error by granting a motion to strike affidavit testimony submitted with respondent's opposition to summary judgment without statutorily required time limits.

2. The trial [court], after striking affidavit testimony, granted summary judgment, still not considering other valid testimony, which raided [sic] genuine issues of material fact, thereby falling into error.

**ANALYSIS**

*Motion to Strike*

A motion to strike an affidavit that presents evidence that would not be admissible at trial is an approved procedural device. *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226. An affidavit supporting or opposing summary judgment must set forth facts that would be admissible at trial. La.Code Civ.P. art. 967. Because the trial court is accorded vast discretion in determining whether to admit or exclude evidence, its decision will not be reversed absent a showing that it abused that discretion. *Brown v. La. Dep't of Transp. and Dev.*, 99-753 (La.App. 3 Cir. 11/3/99), 746 So.2d 772, *writ denied*, 99-3391 (La. 2/4/00), 754 So.2d 233.

Trial courts are given discretion to hold pretrial conferences for purposes of simplifying the issues of a case, determining whether pleadings should be amended, determining what material facts are truly disputed, and identifying witnesses,

4

documents, and exhibits. La.Code Civ.P. art. 1551. A court that holds such a conference must render an order memorializing the actions taken at the conference. *Id.* That order "controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." *Id.*

In determining the appropriate sanctions for failure to comply with a pretrial order, the trial court should consider whether the conduct was that of the party or his attorney or both; whether the action results in prejudice to the opposing party's trial preparations; and "the nature and persistency of the misconduct that constitutes the violation." *Bourque v. Allstate Ins. Co.*, 99-1260, p. 5 (La.App. 3 Cir. 3/22/00), 760 So.2d 411, 414. In the present matter, Gutierrez's counsel has thrown himself on his sword and accepted sole responsibility for the failure to file the witness and exhibit list. However, these affiants had not previously been identified as potential witnesses in Gutierrez's discovery responses. Gutierrez testified in his deposition that he was not aware of anyone having knowledge of the alleged partnership between him and A & A. Thus, the trial court concluded that the misconduct was not solely counsel's and that conclusion is supported by the record. Further, the trial court concluded that allowing Hardin and Gautier to testify would substantially prejudice Baldridge's trial preparation. That finding is not manifestly erroneous.

We conclude, therefore, that excluding Hardin and Gautier from testifying was not an abuse of the trial court's vast discretion. Further, because the affidavits opposing summary judgment must set forth facts that would be admissible at trial, the trial court was correct in refusing to consider them in rendering its decision on summary judgment.

Gutierrez maintains that the timing of the hearing of the motion to strike

5

unfairly prejudiced him. We disagree. As we have already noted, the motion to strike is the appropriate procedural device for objecting to inadmissible evidence submitted in the context of a motion for summary judgment. Uniform Rules —District Courts Rule 9.9 requires that a party serve its opposition to a motion eight days before the hearing. Gutierrez complied with this rule and served his opposition on August 20, 2010, ten days before the hearing. Trial was fixed for September 13, 2010. In order to render a timely decision on summary judgment, the latest the hearing on the motion could have been heard was September 3, 2010, ten days before trial. *See* La.Code Civ.P. art. 966(D). When Gutierrez objected to the expedition with which the motion to strike was fixed, the trial court granted him additional time within which to prepare a response. Under the circumstances, including the trial fixing, the deadline within which a judgment could be rendered under article 966(D), and the fact that at some point before August 13, 2010, the date Gautier and Hardin executed their affidavits, Gutierrez became aware or remembered that they had knowledge of the putative partnership, the trial court did not abuse its discretion in proceeding with the hearings and granting Gutierrez additional—albeit brief—time for response. This assignment of error is without merit.

*Motion for Summary Judgment*

An appellate court reviews a grant of summary judgment de novo, applying the same standards as would a trial court. *Schroeder v. Bd. of Sup'rs. of La. State Univ.*, 591 So.2d 342 (La.1991). Summary judgment is governed by La.Code Civ.P. arts. 966 and 967. Article 966 provides that while the burden of proving entitlement to summary judgment rests with the mover, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary

6

judgment, the mover's burden on the motion does not require him to negate all essential facts of the adverse party's claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. *Hardy v. Bowie*, 98-2821 (La. 9/8/99), 744 So. 2d 606.

Gutierrez's main demand asserts his entitlement to a share of the profits of A & A prior to the execution of the partnership agreement. He would bear the burden of proving his entitlement at trial. Therefore, Baldridge was only required to show an absence of support for any of the essential elements of Gutierrez's claim in order to shift the burden of production of evidentiary support. Baldridge attached to his motion excerpts from Gutierrez's deposition; the 2007 partnership agreement; excerpts from his deposition; his affidavit; the affidavit of Jeff Holmes, a vice president of DII; the affidavit of Roger York, Procurement Manager for DII; and correspondence from Jeanne Billeaud, Gutierrez's accountant. These depositions, affidavits, and other attachments—other than Gutierrez's deposition—demonstrate either that no other person had knowledge of a partnership between Gutierrez and A & A or flatly denied that any such partnership existed. Holmes' deposition, however, attested to the fact that he questioned Gutierrez "on several occasions" about whether he was receiving any type of financial benefit from A & A or Baldridge.

Because Gutierrez's claim rested upon a verbal contract in excess of $500.00, the Louisiana Civil Code demands that it be proven by at least one witness and other corroborating circumstances. La.Civ.Code art. 1846. The Louisiana Supreme Court

7

has addressed the required proof of an oral contract and held that the plaintiff himself may be the witness who establishes the existence of the contract. *Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459 (La. 4/12/05), 907 So.2d 37. The corroborating circumstances need only be general in nature, but must come from a source other than the plaintiff. *Id.*

According to Gutierrez's deposition testimony, he initially entered into a business arrangement with Baldridge in 2005, when he procured a parking lot striping contract from The Lemoine Company. He approached Baldridge about splitting the profits from this contract in exchange for Baldridge performing some of the labor and the duo using Baldridge's company's tax ID number and insurance when the contract was perfected. After the Lemoine work was finished, but before he received payment from Lemoine, Gutierrez was hired by DII as a consultant to obtain mobile homes to house those displaced by Hurricane Katrina. He testified that he spoke to Baldridge about channeling work to A & A and that they should form a partnership toward that end. No other witness was present at this meeting, which Gutierrez testified took place at Baldridge's home.

In opposition to the motion for summary judgment, Gutierrez attached his affidavit. In the affidavit, Gutierrez attested that he wrote four checks to assist in buying materials and paying labor for the jobs. Attached to the affidavit was Gutierrez's check number 5239 dated May 20, 2005, in the amount of $1,400.00. That check was made payable to Baldridge and bears Baldridge's endorsement. Check number 5251 of October 14, 2005, also payable to Baldridge in the amount of $2,000.00, bears the same endorsement. These checks, however, represent actions by Gutierrez himself and do not corroborate his assertions independently.

8

A fact is material when it has the potential to ensure or preclude recovery, affects a litigant's ultimate success, or determines the outcome of a legal dispute. *Hines v. Garrett*, 04-806 (La. 6/25/04), 876 So.2d 764. One of the showings Gutierrez must make at trial is that circumstances corroborate his allegation that a verbal contract of partnership existed between him and A & A. None of the admissible evidence corroborates the existence of such a contract.

**CONCLUSION**

The trial court has great discretion in controlling the presentation of cases before it. Its decision to exclude evidence will not be reversed absent an abuse of that vast discretion. When Gutierrez failed to disclose Hardin and Gautier as potential witnesses in his various discovery responses and compounded that by failing to list them on his witness and exhibit list, the trial court was well within its discretion to exclude them as witnesses. Because their testimony would not be admissible at trial, their affidavits should not have been considered in opposing Baldridge's motion for summary judgment. Under the circumstances of this case, the fixing of the hearing on Baldridge's motion to strike the affidavits of Hardin and Gautier was proper.

Gutierrez was required in opposing the motion for summary judgment to demonstrate that he could produce evidence that the verbal contract of partnership was supported not only by his testimony but also by corroborating circumstances. He produced the checks written during the existence of the putative partnership. These, however, do not represent independent corroboration of the agreement, as they were written by Gutierrez.

For the foregoing reasons, the judgment of the trial court granting Baldridge's motion to strike the affidavits of Hardin and Gautier is affirmed. The judgment in

9

favor of Baldridge dismissing Gutierrez's demands with prejudice is affirmed.  The costs of this appeal are taxed to Plaintiff/Appellant, Edward D. Gutierrez.

**AFFIRMED.**