MARY HOTARD BECNEL, AS INDEPENDENT EXECUTRIX OF THE SUCCESSION OF DANIEL E. BECNEL, JR.

NO. 25-C-357

VERSUS

FIFTH CIRCUIT

CAMILO K. SALAS III

COURT OF APPEAL

STATE OF LOUISIANA

August 13, 2025

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

Linda Tran
First Deputy Clerk

IN RE CAMILO K. SALAS III

APPLYING FOR  SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE MICHAEL E. KIRBY, DIVISION "A", NUMBER 70,582

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Scott U. Schlegel

**WRIT GRANTED; RULINGS REVERSED; REQUEST FOR TRIAL BY JURY REINSTATED; MOTION TO CONTINUE TRIAL GRANTED; MATTER REMANDED**

Defendant/relator, Camilo K. Salas III, seeks this Court's emergency supervisory review of the trial court's August 11, 2025 judgment which granted plaintiff/respondent's Motion to Strike Jury Demand and denied relator's Motion to Continue Trial, currently set for August 18, 2025.

On the showing made, after thorough review and consideration of the writ application and the supplement thereto, for the following reasons, we conclude that relator has shown the trial judge abused his discretion in granting the Motion to Strike Jury Demand, and also in denying the Motion to Continue Trial.

As shown by the transcript included in the writ application of the hearing before the trial judge on August 6, 2025, the judge admitted that he twice failed to render a written scheduling order in this matter: (1) the first time by failing to enter

a proposed scheduling order prepared by respondent's attorney, Mr. Klibert, and sent to the trial judge, Judge Kirby, subsequent to a December 28, 2022 telephone scheduling conference (which order was never signed by Judge Kirby); and (2) the second time by failing to enter a scheduling order after Judge Kirby *sua sponte* continued the trial on October 18, 2024, during a court hearing/conference. Such failures by the trial judge are in contravention to the provisions of La. C.C.P. art. 1551(B), which provides:

> The court shall render an order which recites the action taken at the conference [pursuant to Paragraph A of this Article], the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. *Such order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice.*

(Emphasis added.)

Trial courts are given discretion to hold pre-trial conferences for purposes of simplifying the issues of a case, determining whether pleadings should be amended, determining what material facts are truly disputed, and identifying witnesses, documents, and exhibits. *Gutierrez v. Baldridge*, 10-1528 (La. App. 3 Cir. 5/11/11), 65 So.3d 251, 254, *writ denied*, 11-1589 (La. 10/7/11), 71 So.3d 319. A court that holds such a conference must render an order memorializing the actions taken at the conference. La. C.C.P. art. 1551. That order "controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." *Id.* Thus, the language in Article 1551(B) is mandatory when a pre-trial conference is held. ("The court *shall* render an order … .").

The theory inherent in pre-trial procedure is the avoidance of surprise and the allowance of the orderly disposition of the case. *Moonan v. Louisiana Medical Mutual Insurance Company*, 16-113 (La. App. 5 Cir. 9/22/16), 202 So.3d 529, 533, *writ denied*, 16-2048 (La. 1/9/17), 214 So.3d 869.

The lack of a written pre-trial/scheduling order in this matter appears to have had a deleterious effect on the orderly disposition of the case. Given that no pre-trial/scheduling order was rendered in this matter on at least the two occasions noted above, and the protracted history of this case as revealed by the writ application, which evidences the need for "the avoidance of surprise and the allowance of the orderly disposition of the case" that the rendering of a proper pre-trial/scheduling order can achieve, we find that the trial court abused its discretion in denying relator's Motion to Continue Trial and also in granting plaintiff's Motion to Strike the Jury Demand.[1]

Accordingly, we grant the writ application, reverse the trial court's rulings in question, reinstate relator's request for trial by jury, grant relator's Motion to Continue Trial, and remand the matter to the trial court for further proceedings consistent with this disposition.

Gretna, Louisiana, this 13th day of August, 2025.

**JGG**
**MEJ**
**SUS**

---

[1] The writ application reveals that the basis for the Motion to Strike Jury Demand was defendant's failure to timely post the jury bond and cash deposit in advance of trial in accordance with the law and the local rules of court, thus compelling the trial court to grant the Motion to Strike Jury Demand. It appears, however, that a Jury Bond Order was never issued by the trial court in this case, and thus, defendant never had an opportunity to timely comply with a Jury Bond Order.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **08/13/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-C-357**

**E-NOTIFIED**
40th District Court (Clerk)
Honorable Michael E. Kirby (DISTRICT JUDGE)
Kevin P. Klibert (Respondent)
Camilo K. Salas, III (Relator)

**MAILED**