PAUL A. BONIN, Judge.
|! Despite case-specific pre-trial orders requiring disclosure of pending or contemplated motions and ample opportunity in this case for counsel to make such disclosure, Wade Webster, an attorney for one of the plaintiffs in these consolidated cases, rose to address the empanelled jury with his opening statement and — to the surprise of the trial judge and all other counsel — announced in open court that he was moving to dismiss with prejudice one of the defendants but continuing the case against that defendant’s insurer.
Opposing counsel instantly reacted to the announcement. The trial judge recessed the trial and removed the jurors from the courtroom; he then heard argument from the lawyers about the impact the announcement would have on the course of the trial. Exercising his discretion, the trial judge declared a mistrial and scheduled a later contradictory hearing to determine whether he would impose any *1237 sanctions on Mr. Webster. At the contradictory hearing, Mr. Webster admitted that he purposively made the oral motion to dismiss but justified his action as one based upon a relatively recent Louisiana Supreme Court decision.
|2The trial judge assessed to Mr. Webster the standard jury fee for the first day of the trial, which is $2,000.00. Because Mr. Webster’s client did not seek immediate supervisory review of the ordering of the mistrial, he cannot now contend that the trial judge abused his discretion in declaring a mistrial. And he does not contend that the financial sanction imposed is excessive. Mr. Webster does argue, however, that his conduct was a routine action taken in good faith, supported by controlling legal authority, and in no way an egregious violation of the court’s orders. Thus, he contends, the trial judge abused his discretion in imposing any sanction whatsoever.
We review the imposition of this sanction under an abuse-of-discretion standard, which is highly deferential to the trial judge unless he exercised his discretion based upon an erroneous view of the law or a clearly erroneous view of the facts. Because we find that there is an ample legal and factual basis for holding Mr. Webster personally responsible for the cost of the lost jury day, we conclude that the trial judge did not abuse his discretion and affirm the judgment.
The defendants, Fellowship Missionary Baptist Church and its insurer, Colony Insurance Company, answered the appeal and seek damages for a frivolous appeal. We, of course, decide this issue in the first instance and not as a reviewing court. Considering that appeals are favored and finding that Mr. Webster’s appeal was not taken for an improper purpose or motive and is not wholly without some arguable merit, we decline to award damages to the defendants.
We explain our decisions in greater detail below.

J¿

At the outset of our explanation, we underscore that the power necessary for the exercise of a court’s jurisdiction inheres in the court with the corollary that such power embraces the reasonable enforcement of its lawful orders and directives such that those subject to its lawful orders and directives can be compelled to adhere to them. See La. C.C.P. art. 191 (“A court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not expressly granted by law.”). The inability — or even the failure — of a court to reasonably enforce its judgments, order or directives would render them mere words on paper.
Thus our law necessarily affords trial judges great discretion and power over the control of proceedings in their respective courtrooms: “A court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done.” La. C.C.P. art. 1631. Trial courts are also given discretion to hold pretrial conferences for purposes of simplifying the issues of a case, determining whether pleadings should be amended, determining what material facts are truly disputed, identifying witnesses, documents, and exhibits, and, importantly for our purposes, “[s]uch other matters as may aid in the disposition of the action.” La. C.C.P. art. 1551 A(10); Gutierrez v. Baldridge, 10-1528, pp. 5-6 (La.App. 3 Cir. 5/11/11); 65 So.3d 251, 254. A court that holds such a conference must render an order memorializing the actions taken at the conference. See La. C.C.P. art. 1551 B; Gutierrez, 10-1528, p. 6, 65 So.3d at 254. The law affords trial courts wide discretion to *1238 implement pretrial orders and insure that their terms are enforced. See La. C.C.P. art. 1551; Robertson v. Lafayette Ins. Co., 11-0975, p. 5 (La.App. 4 Cir. 2/8/12); 85 So.3d 186, 189. That order controls the subsequent course of the action and trial, unless modified at the trial to prevent manifest injustice. See Southern Casing of Louisiana, Inc. v. Houma Avionics, Inc., 00-1930, p. 24 (La.App. 1 Cir. 9/28/01); 809 So.2d 1040, 1055. The law provides that an orderly disposition of each case and the avoidance of surprise are inherent in the theory of pre-trial procedure and are sufficient reasons for allowing the trial judge to require adherence to the pre-trial order in the conduct of an action. Id.
An attorney’s failure to obey a pretrial order or to participate in a pretrial conference in good faith may be penalized by a wide range of sanctions, including being ordered to pay the reasonable expenses incurred by the noncompliance. See La. C.C.P. art. 1551 C. In Part IV, post, we will address the specifics of Mr. Webster’s noncompliance.
II
In this Part we discuss briefly the underlying facts. The principal matter comprises several consolidated claims brought by immovable property owners for lost business revenue and property damages stemming from a January 7, 2011 fire on a neighboring parcel that was owned by Fellowship Missionary and insured by IsColony Insurance Company. The initial suit was filed in 2011 and the case proceeded normally with discovery and pre-trial motion practice. On December 12, 2013, the parties attended a pre-trial conference and selected a May 12, 2014 trial date. As a result of the conference, the trial court issued a Scheduling Order, Pre-Trial Notice, Pre-Trial Order, and a Jury Deposit Order, which, among other things, instructed the parties to disclose in their joint .pre-trial outline all pending and contemplated motions. The parties, by all accounts, complied with all aspects of the trial court’s pre-trial dictates. On the morning of trial, the parties conferred on several occasions in chambers with the trial judge and argued several motions in open court. After this, a jury was selected, sworn in, and instructed on its duties by the trial judge. The trial court then recessed the matter for lunch.
After lunch, the trial judge instructed Mr. Webster, as counsel for one of the plaintiffs, to present his opening statement to the jury. Mr. Webster, however, approached the courtroom’s podium and stated in the presence of the jury: “Your Honor, during the break, my client instructed me to dismiss Fellowship Missionary Baptist Church, and I move to dismiss them with prejudice, reserving the right to proceed only against Colony Insurance Company.” At no point previously in the proceedings did Mr. Webster indicate or suggest that he intended to make an oral motion before the jury to dismiss his client’s claims against Fellowship Missionary. Without ruling on the motion, the trial judge then excused the jury from the courtroom and, after conferring with counsel, declared a mistrial.[1]
| (¡Fellowship Missionary asked the trial court to impose sanctions on Mr. Webster. Subsequently, the parties argued the merits of Fellowship Missionary’s request for *1239 sanctions at a May 29, 2014 hearing. Fellowship Missionary and its insurer argued that sanctions were warranted because they were surprised and prejudiced by Mr. Webster’s actions. On the other hand, Mr. Webster argued that the Supreme Court’s opinion in Soileau v. Smith True Value and Rental, Inc., 12-1711 (La.6/28/13); 144 So.3d 771, justified his actions. At the close of the hearing, the trial judge took the matter under advisement. On July 8, 2014, the trial court issued a judgment which granted the request for sanctions and ordered Mr. Webster to deposit $2,000.00 into the registry of the Court to cover the cost of the jury venire for the lost day of trial.[2]
In his reasons for judgment, the trial judge did not disagree with Mr. Webster’s reading of Soileau, but noted that the case does not support dismissing a party in such a way as to cause surprise or prejudice to one’s opponent. That is to say, the trial judge did not find fault with Mr. Webster’s reading of Soileau, but rather with the manner in which Mr. Webster attempted to dismiss his client’s claims against Fellowship Missionary. The trial judge, however, expressly concluded: “The Court finds that Mr. Webster made a ‘strategic decision’ to surprise and ambush his opponent and unfairly prejudiced his opponent at the beginning of opening statements to such an extent that the prejudice could not be 17rectified, and therefore a mistrial was declared. The Court finds Mr. Webster’s conduct was inappropriate and designed to gain an unfair advantage.”
The trial judge also found, however, that the parties were not greatly inconvenienced by Mr. Webster’s actions because they were able to re-set the trial for July 28, 2014. Accordingly, the trial judge concluded that compelling Mr. Webster to pay only those costs associated with a one-day jury venire was the sole appropriate sanction.
Mr. Webster, subsequently, filed a timely motion for suspensive appeal. Fellowship Missionary and Colony Insurance answered the appeal in order to seek damages for a frivolous appeal in accordance with La.Code of Civil Procedure art. 2164 and Rule 2-19 of the Uniform Rules — Courts of Appeal.
Ill
We turn now to set out the legal principles which govern our review of this matter. We note that the judgment, which imposes sanctions, from which this appeal is taken is a final appealable judgment. See La. C.C.P. art. 1915 A(6); see also La. C.C.P. art. 1911 (appeal may be taken from a final judgment under Article 1915(A) without a designation of judgment). The 1999 comment to this article states that a judgment imposing sanctions or disciplinary actions is a final appealable judgment. See Jackson v. M.R. Pittman, LLC, 08-0966, p. 6 (La.App. 4 Cir. 2/11/09); 5 So.3d 906, 911.
We review the imposition of sanctions pursuant to an abuse-of-discretion standard. See Raspanti v. Litchfield, 05-1512, p. 10 (La.App. 4 Cir. 11/21/06); court s award of costs is subject to an abuse-of-discretion standard. See Iteld v. Four Corners Const., L.P., 13-0692, p. 15 (La.App. 4 Cir. 01/30/14); 133 So.3d 312, 321. The abuse-of-discretion standard is highly deferential to the trial judge’s determination, and especially so in reviewing a trial judge’s imposition of sanctions upon an attorney for this sort of a violation. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 404, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (“Deference to the courts on the *1240 front lines of litigation will enhance these courts’ ability to control the litigants before them.”). But a court necessarily abuses its discretion if its ruling is based on an erroneous view of the law. Id. at 405, 110 S.Ct. 2447; LCR-M Limited Partnership v. Jim Hotard Properties, L.L.C., 13-0483, p. 5 (La.App. 4 Cir. 10/9/13); 126 So.3d 668, 675 (trial court’s refusal to grant new trial was abuse of discretion because ruling “was based upon a mistaken understanding of the applicable law”). See also United States v. Taylor, 487 U.S. 326, 336, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988) (noting that discretionary choices are not left to a court’s inclination, but to its judgment, which is guided by sound legal principles).
The trial court’s judgment in this case cites to Article 1631 as the basis for sanctioning Mr. Webster with the costs of the one-day jury venire. Article 1631C provides for the declaration of mistrials in civil proceedings and Article 1631 A sets out a trial judge’s power to both control those proceedings before him and ensure that such matters are conducted with dignity and order. Article 1631, it is true, does not explicitly provide for the imposition of sanctions or costs, and Mr. UWebster is correct on this point. Fellowship Missionary, nevertheless, sidesteps this issue by arguing that imposition of jury-venire costs on Mr. Webster was warranted because his actions also violated the trial court’s pre-trial orders. Mr. Webster counters that Fellowship Missionary did not present this argument in the trial court and is therefore precluded from first raising it on appeal. Mr. Webster is mistaken. “A party who does not seek modification, revision, or reversal of a judgment in an appellate court, including the supreme court, may assert, in support of the judgment, any argument supported by the record, although he has not appealed, answered the appeal, or applied for supervisory writs.” La. C.C.P. art. 2133 B (emphasis added). See also Northern Assur. Co. v. Louisiana Power & Light Co., 580 So.2d 351, 360, n. 10 (La.1991).
In determining the appropriate sanctions for failure to comply with a pretrial order issued in accordance with Article 1551, the trial court should consider whether the conduct was that of the party or his attorney or both; whether the action results in prejudice to the opposing party’s trial preparations; and “the nature and persistency of the misconduct that constitutes the violation.” Bourque v. Allstate Ins. Co., 99-1260, p. 5 (La.App. 3 Cir. 3/22/00); 760 So.2d 411, 414. And we specifically review a trial court’s rulings with respect to its pre-trial order under the highly deferential abuse-of-discretion standard. See Southern Casing of Louisiana, Inc. v. Houma Avionics, Inc., 00-1930, p. 24 (La.App. 1 Cir. 9/28/01); 809 So.2d 1040, 1055.
[[Image here]]
In this Part we discuss our reasons for affirming the trial judge’s imposition of jury costs on Mr. Webster. On appeal, Mr. Webster does not assign as error the trial courts declaration of a mistrial.[3] Similarly, Mr. Webster does not assert that the sanctions should have been imposed upon his client or that the amount imposed was excessive. Rather, Mr. Webster challenges only the trial court’s imposition of sanctions upon him. The trial judge explained that he imposed the costs on Mr. Webster because his actions surprised and prejudiced the other parties.
Our examination of the trial court’s pretrial order indicates that it was drafted *1241 with an intent to minimize surprise and prejudice between the parties. The trial judge concluded as a matter of fact that Mr. Webster’s announcement at the beginning of trial that his client was dismissing its claims against Fellowship Missionary with an intent to proceed solely against Colony Insurance resulted in surprise and prejudice to the other parties, especially Fellowship Missionary. We do not find these factual conclusions to be unsupported by the record. Mr. Webster, however, argues that sanctions should not have been imposed because he made the motion to dismiss in good faith in accordance with the Supreme Court’s Soileau opinion.[4] Our reading of Soileau does not support his contention that it justifies moving for the dismissal of a party in the manner undertaken by Mr. h Webster. We briefly digress to discuss the Soileau decision because upon that decision alone does Mr. Webster justify his claim that he acted in good faith and in reliance upon legal authority.
In Soileau, a city employee was injured when a front-end loader detached from a tractor and crushed the employee’s legs. Seeking damages for injuries sustained, the employee filed suit against the city government, the tractor manufacturer, the tractor’s lessor, the lessor’s insurer, and the individual owners of the lessor-business. The individual owners operated, it seems, a “mom-and-pop” type hardware business and were likely well-known in the local community.
Prior to trial, the plaintiff entered into a “high/low” settlement with the business, its owners, and its insurers for which $340,000.00 would be paid to the plaintiff up front in exchange for capping the liability attributable to the business, its owners, and its insurer at $2,500,000.00. See Soileau, 12-1711, p. 2, 144 So.3d at 774.
On the third day of trial and, most notably, only after much consultation with the trial court and the affected defendants, the plaintiff verbally before the jury moved to dismiss her claims against the business and its owners only.[5] The trial court granted the motion, dismissed the individual defendants, and allowed the plaintiffs claims to proceed against the insurer only. On the fourth day of trial, the insurer moved for a directed verdict based on the grounds of the policy language 112that obligated it to pay only “those sums that the insured becomes legally obligated to pay as damages.” Soileau, 12-1711, p. 2, 144 So.3d at 774. The insurer also filed an exception of no right of action based on the Direct Action Statute, La. R.S. 22:1269, arguing that the dismissal of the insureds also terminated the plaintiffs action against the insurer. The trial court denied both motions. The jury subsequently returned a verdict finding the insured to be liable for fifteen percent of the fault. Judgment was eventually rendered casting the insurer in judgment for $1,074,463.82 in damages.
On appeal, the Third Circuit concluded that the trial court erred in not granting the insurer’s exception of no right of action. See Soileau v. Smith True Value and Rental, 11-1594 (La.App. 3 Cir. *1242 6/20/12); 95 So.3d 1214. Accordingly, the Third Circuit reversed the trial court’s ruling on this point, granted the exception, and dismissed the plaintiffs claims against the insurer with prejudice. The plaintiff sought writs with the Louisiana Supreme Court. A sharply divided court granted writs, reversed the Third Circuit’s conclusion that the dismissal of the insured waived the plaintiffs right of action against the insurer, and remanded.[6]
In its analysis, the Supreme Court first examined the Direct Action statute and concluded that the statute’s wording does not prevent a plaintiff from dismissing an insured only after having first brought suit against both the insured and its insurer. See Soileau, 12-1711, pp. 9-10, 144 So.3d at 778-779. Nevertheless, the Supreme Court’s analysis did not end with this conclusion |isbecause it had to examine the record in order to ascertain whether the plaintiff reserved her right to proceed against the insurer in light of the parties’ failure to reach an express agreement on this point. In order to answer this question, the Supreme Court examined the record, the terms of the parties’ high/low settlement, which capped the insured and insurer’s potential liability at policy limits, and several on-the-record discussions between the trial court and the parties concerning the settlement and the dismissal. The Supreme Court then concluded that the totality of the circumstances indicated that “there was an intent on Plaintiffs part, independent of the settlement agreement between the parties, to dismiss the Smiths, but only to the extent of their personal liability.” See Soileau, 12-1711, p. 19, 144 So.3d at 785. The divided Court then reversed the Third Circuit and remanded for reconsideration of the parties’ remaining assignments of error.
Thus we, like the trial judge, have no quarrel with Mr. Webster that Soileau is authority — at least on its peculiar facts— that a plaintiff might move to dismiss with prejudice an insured defendant who was joined when the suit was brought and nonetheless maintain the direction action against the insurer. And we have no doubt that an oral motion to dismiss may be made in open court or during a trial. See La. C.C.P. art. 961 (“An application to the court for an order, if not presented in some other pleading, shall be by motion which, unless made during trial or hearing or in open court, shall be in writing.”).
We disagree, however, with Mr. Webster’s suggestion that under the facts of this case Soileau authorized or entitled him to dismiss his client’s claims against | uFellowship Missionary before the jury with no advance warning to the trial court or opposing counsel and in violation of the pre-trial order. The plaintiff in Soileau made her oral motion only after having engaged in several on-the-record discussion with opposing counsel and the trial court outside the presence of the jury. No one in Soileau was surprised, ambushed, or prejudiced by the manner in which the plaintiff in that case moved to dismiss her claims against the insured. In contrast, Mr. Webster’s oral motion appears to have been a calculated measure and was a complete surprise to the trial court and opposing counsel, coming as it did after much pre-trial preparation and discussion during which Mr. Webster was silent as to his plans. Simply put, the Soileau opinion, standing alone, did not justify or excuse Mr. Webster’s actions here.[7]
*1243 We, therefore, affirm the trial court’s imposition of sanctions upon Mr. Webster. Before turning to the defendants’ answer to the appeal, however, we make two final observations. The first is that the imposition of this relatively mild sanction of absorbing the cost of the jury for the one day reflects that the trial judge perceived no turpitude on the part of Mr. Webster which had motivated his action; Mr. Webster’s action was a professional blunder, and one that from the especial perspective of the trial judge needed sanctioning. The second observation is that | ]5we are well-satisfied that the sanction, as imposed here, does not impede in any way zealous advocacy on the part of a lawyer.
V
We now come in this Part to address Fellowship Missionary and Colony Insurance Company’s request for frivolous appeal damages and attorney fees, in accordance with La.Code of Civil Procedure art. 2164. An appellee who “demands damages against an appellant” must file a timely answer to the appeal. La. C.C.P. art. 2133 A. Article 2164 provides in pertinent part that an appellate court “may award damages for frivolous appeal.” See also Flemings v. State, 07-1290, p. 21 (La.App. 4 Cir. 8/26/09); 19 So.3d 1220, 1233.
Though we have such authority, there are at least two reasons why that authority should be exercised sparingly: 1) as is true in all penal statutes, the article must be strictly construed; and 2) appeals are favored and, penalties for frivolous appeal, unless they are mandated by the circumstances, tend to discourage appeals.[8] See Flemings, 07-1290, p. 20, 19 So.3d at 1233, quoting Dupaquier v. City of New Orleans, 271 So.2d 78, 80 (La.App. 4th Cir.1972). “An appeal is frivolous if it does not present a substantial legal question, if the sole purpose of the appeal is delay, or if the appealing counsel does not seriously believe the view of the law that he advocates.” Tillmon v. Thrasher Waterproofing, 00-0395, p. 8 (La.App. 4 Cir. 3/28/01); 786 So.2d 131, 137. | ^Consequently, “[a]ppeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be granted.” Id. (emphasis added).
We are reluctant to grant frivolous appeal damages because of the chilling effect it may have on the appellate process, and we decline to do so in this case. See Flemings, 07-1290, p. 21, 19 So.3d at 1233. After a review of the record and the parties’ briefs, we cannot conclude that this appeal was taken solely for delay or that Mr. Webster did not seriously believe he was entitled to relief. Mr. Webster’s appeal is not unquestionably frivolous. Therefore, we decline to award damages for frivolous appeal.
DECREE
The judgment of the trial court casting Wade Webster in judgment for $2,000.00 is affirmed. Fellowship Missionary Baptist Church and Colony Insurance Company’s request for damages for frivolous appeal, which they raised by their answer to Mr. Webster’s appeal, is denied. Costs of this *1244 appeal are taxed to Wade Webster. See La. C.C.P. art. 2164.
AFFIRMED

. The matter was subsequently tried on another date before a new jury. S & R Properties Investments, LLC, abandoned its motion to dismiss Fellowship Missionary. The jury returned a verdict in favor of Fellowship Missionary and Colony Insurance and against all plaintiffs. The trial court, in accordance with the juiy’s verdict, subsequently dismissed all claims against Fellowship Missionary and Colony Insurance.

. The trial court’s jury deposit order set jury costs for the first day of trial at $2,000.00. The jury costs had originally been paid by Fellowship Missionary.

. The failure of Mr. Webster’s client to apply for supervisory review at the time the trial judge ordered the mistrial forecloses any inquiry by us into whether the trial judge properly exercised his authority to declare a mistrial under Article 1631 C.

. Similarly, Mr. Webster asserts that his actions did not rise to contempt of court under La.Code of Civil Procedure art. 222, or violate La.Code of Civil Procedure art. 863, which provides for the imposition of sanctions after the filing of a written, frivolous pleading.

. The Supreme Court described the language used by Soileau’s attorney accordingly: "on the third day of trial, Plaintiff's counsel verbally moved to dismiss ‘personally ... Mr. Smith ... Mrs. Smith and their company’ from the suit, in the presence of the jury, further stating that Plaintiff did not 'seek any damages personally against them.’ " Soileau, 12-1711, p. 2; 144 So.3d at 774.

. Justice Weimer wrote a concurring opinion. Justices Victory ánd Guidry wrote dissenting opinions, while Justice Clark dissented for the reasons assigned by Justice Guidry.

. We understand that Mr. Webster to a considerably lesser degree justifies his failure to inform the trial judge and opposing counsel of his intention to orally move for dismissal with prejudice of the insured in the presence of the *1243 jury because his client for the first time gave him instructions during the luncheon recess. We do not understand his position to be based upon any instruction from his client to defy the trial court's directives, which, of course, he would not have been at liberty to do.

. Of course, the standard of review in sanction matters is meant to some extent to discourage appeals. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 404, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (“Such deference ... will also discourage litigants from pursuing marginal appeals, thus reducing the amount of satellite litigation.”)