| THUY TRAN, WIFE OF/AND | * | NO. 2020-CA-0246 |
| THAI BUI; QUAN HOANG, ON | | |
| BEHALF OF HIS MINOR | * | |
| CHILDREN, BRANDON | | COURT OF APPEAL |
| HOANG AND RYAN HOANG | * | |
| | | FOURTH CIRCUIT |
| VERSUS | * | |
| | | STATE OF LOUISIANA |
| KAREN COLLINS, ALLSTATE | * * * * * * * | |
| INSURANCE COMPANY AND | | |
| ORLEANS PARISH SCHOOL | | |
| BOARD | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2005-09337, DIVISION "B-1"
Honorable Rachael Johnson,
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *
(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Dale N. Atkins)

Anh Joseph Cao
Amy E. Schapansky
CAO LAW FIRM
1440 Lapalco Blvd.
Harvey, LA 70058
    COUNSEL FOR PLAINTIFF/APPELLANT

John Karl Etter Esq.,
Roy J. Rodney, Jr. Esq.,
RODNEY & ETTER, LLC
365 Canal Street, Suite 2690
New Orleans, LA 70130
    COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**

**AUGUST 20, 2021**

*SCJ*
*JCL*
*DNA*

Plaintiffs, Thuy Tran, Thai Bui, and Quang Hoang, on behalf of his minor children, B.H. and R.H., (collectively "plaintiffs") appeal the June 14, 2019 judgment granting defendants' motion to strike plaintiffs' witness and exhibit lists. Plaintiffs also appeal the trial court's subsequent February 5, 2020 judgment granting Karen Collins' and the Orleans Parish School Board's (collectively "defendants") motion for summary judgment and dismissing all of plaintiffs' claims with prejudice. For the following reasons, we affirm both judgments.

**PROCEDURAL BACKGROUND**[1]

This suit arises from a collision of plaintiffs' vehicle with a school bus. On July 12, 2005, plaintiffs filed their petition for damages, naming as defendants Karen Collins, Orleans Parish School Board ("OPSB"), and Allstate Insurance Company.[2] Below is a timeline of relevant pleadings filed over the history of this case:

- September 29, 2010   Motion to set trial filed

---

[1] The issue before the Court is purely procedural, therefore, the facts and circumstances of this case are not relevant.
[2] On October 8, 2007, Allstate was dismissed without prejudice.

- November 10, 2010   Trial Order and Case Management Order Entered

- December 21, 2010   Plaintiffs filed witness list

- January 11, 2011   Defendants filed witness list

- April 8, 2011   Defendants filed a motion to continue trial

- March 20, 2013   Substitution of plaintiffs' counsel

- October 9, 2013   Status conference held and pre-trial schedule entered

- November 8, 2013   Defendants filed an additional witness and exhibit list

- June 6, 2018   Status conference held and discovery schedule entered

- July 20, 2018   Deadline for plaintiffs to submit list of witnesses, experts, and exhibits to defendants

On September 12, 2018, Ms. Collins and OPSB, filed a motion to strike plaintiffs' witnesses and exhibits, asserting that there had been minimal activity and minimal discovery in the case. Defendants argued that plaintiffs' counsel failed to respond to defense counsel's request for deposition dates for all of plaintiffs' fact witnesses as well as their expert witnesses. Plaintiffs did not file an opposition to the motion to strike. On June 14, 2019, the trial court granted the motion to strike plaintiffs' witnesses and exhibits.

On August 5, 2019, defendants filed a motion for summary judgment seeking dismissal of plaintiffs' claims. Defendants argued that because plaintiffs are prohibited from presenting testimony of witnesses and exhibits at trial, they are entitled to summary judgment and dismissal of all of plaintiffs' claims against them. Plaintiffs filed an opposition to defendants' motion for summary judgment,

arguing that the June 14, 2019 judgment does not prohibit plaintiffs from presenting their own testimony at trial.

On February 5, 2020, the trial court held a hearing on the motion for summary judgment. After hearing arguments, the trial court found that based on the June 14, 2019 judgment granting the motion to strike witnesses and exhibits, plaintiffs would not be able to satisfy their burden of proof on causation. Following arguments, the trial court granted defendants' motion for summary judgment and dismissed plaintiffs' claims with prejudice. This appeal follows.

**STANDARD OF REVIEW**

Appellate courts apply *de novo* review in examining a trial court's ruling on a motion for summary judgment, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Madison v. Inter-Cont'l Hotels Corp.*, 2014-0717, p. 5 (La.App. 4 Cir. 8/26/15), 173 So.3d 1246, 1250. Accordingly, "[a]fter an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). "In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence." *Lewis v. Jazz Casino Co.*, 2017-0935, p. 6 (La.App. 4 Cir. 4/26/18), 245 So.3d 68, 72 (citing *Fiveash v. Pat O'Brien's Bar, Inc.*, 2015-1230, p. 7 (La.App. 4 Cir. 9/14/16), 201 So.3d 912, 917).

**Burden of Proof**

La. C.C.P. art. 966(D)(1) governs the mover's burden on a motion for summary judgment:

3

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

## DISCUSSION

On appeal, plaintiffs argue that the trial court erred, first, in granting defendants' motion to strike plaintiffs' witness and exhibit lists and, subsequently, in granting defendants' motion for summary judgment.

Plaintiffs assert four assignments of error:

1) The district court erred in applying La. C.C.P. art. 1471(A)(2), (3), and (4) because plaintiffs' attorneys did not disobey a pre-trial order as outlined in La. C.C.P. art 1551.

2) The district court erred in applying La. C.C.P. art 1471(A)(2), (3), and (4) based on misleading and false representations pled in defendants' motions to strike.

3) The district court abused its discretion in granting defendants' motions to strike.

4) The district court erred when it relied on an action at law, and not the absence of material fact, to grant the defendants' Motion for Summary Judgment.

We begin our discussion by addressing defendants' motion to strike plaintiffs' witness and exhibit lists.

**Motion to Strike**

Plaintiffs argue that the trial court abused its discretion in striking their witness and exhibit lists. Plaintiffs further contend that the discovery schedule is not a trial court order, but rather an agreement between the parties.

4

In opposition to plaintiffs' arguments, defendants argue that the trial court properly prohibited plaintiffs from introducing exhibits and expert and fact witnesses because plaintiffs failed to comply with the discovery schedule and failed to oppose defendants' motion to strike, thereby failing to meet their burden of showing compliance with the June 6, 2018 discovery schedule.

We review the trial court's ruling on a motion to strike under an abuse of discretion standard. *In re Med. Review Panel of Williams v. EMSA La*, Inc., 2015-1178, p. 6 (La.App. 4 Cir. 10/21/16), 203 So.3d 419, 425. "A trial court is afforded vast discretion with regard to evidentiary rulings, and the court's decision to admit or deny evidence will not be disturbed on appeal absent a clear abuse of that discretion." *Knoten v. Westbrook*, 2014-0892, p. 5 (La.App. 4 Cir. 5/18/16), 193 So.3d 380, 384-85 (citing *Guillot v. Daimlerchrysler Corp.*, 2008-1485, p. 21 (La.App. 4 Cir. 9/24/10), 50 So.3d 173, 190). Further, we note that the abuse of discretion standard is highly deferential to the trial court unless the court exercised its discretion based upon an erroneous view of the law or a clearly erroneous view of the facts. *Show & Tell of New Orleans, L.L.C. v. Fellowship Missionary Baptist Church*, 2014-0843, p. 2 (La.App. 4 Cir. 12/17/14), 156 So.3d 1234, 1237.

**Pre-Trial and Scheduling Order**

The Louisiana Code of Civil Procedure and local rules of the district court govern pre-trial orders, scheduling conferences, and notice of hearing or trial. *Rouzan v. Rouzan*, 2020-0240, p. 7 (La.App. 4 Cir. 9/30/20), ---So.3d----, 2020 WL 5819545 at *3. Particularly, La. C.C.P. art. 1551(C) directs that

> [i]f a party's attorney **fails to obey a pretrial order**, or **to appear at the pretrial and scheduling conference**, or is **substantially unprepared to participate in the conference or fails to participate in good faith**, the court, on its own motion or on the motion of a party, after hearing, may make such orders as are just, including

5

orders provided in Article 1471 (2), (3), and (4). In lieu of or in addition to any other sanction, the court may require the party or the attorney representing the party or both to pay the reasonable expenses incurred by noncompliance with this Paragraph, including attorney fees.

(Emphasis added.)

The Civil District Court of the Parish of Orleans, Local Rule 9.14 specifies that at the discretion of the division judge, cases may be set for trial upon written motion filed by counsel seeking such trial, and an alternative scheduling procedure:

[A]fter the completion of a sufficient amount of discovery that allows the lawyers/parties to reasonably anticipate the length of the trial, any party may seek a status conference for the purpose of selecting a trial date appropriately in the future, as well as cut off dates for witness lists, expert reports, and discovery. At this status conference, a date for a pre-trial conference to occur shortly before trial may also be selected. The dates selected will be reduced to a scheduling order signed by the parties and the court.

### *June 6, 2018 Discovery Schedule*

On June 6, 2018, the parties entered into a discovery schedule agreement. The schedule set July 20, 2018, as the deadline for plaintiffs to file their fact and expert witness lists and their list of exhibits, while defendants' deadline to file same was August 20, 2018. The record is void of plaintiffs' compliance with the June 6, 2018 discovery schedule. Plaintiffs' failure to comply with the discovery schedule triggered defendants to file their motion to strike.

Motions to strike are governed by La. C.C.P. art. 964, which states, "[t]he court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter." The defendants entitled their pleading as a Motion to Strike, however, the context of their motion

was to prevent plaintiffs from the introduction and use of witnesses and exhibits at trial because of plaintiff's failure to comply with the discovery schedule. Ultimately, defendants' motion sought sanctions for plaintiffs' failure to comply with the discovery schedule.

"A motion to strike is a means of cleaning up the pleadings, not a means of eliminating causes of actions or substantive allegations." *Hazelwood Farm, Inc. v. Liberty Oil & Gas Corp.*, 2001-0345, pp. 7-8 (La.App. 3 Cir. 6/20/01), 790 So.2d 93, 98. A trial court may compel discovery and impose various sanctions for failing to adhere to discovery rules because such failure may interfere with the court's ability to fairly administer justice. *Cambrie Celeste LLC v. Starboard Mgmt., LLC*, 2016-1318, p. 11 (La.App. 4 Cir. 11/6/17), 231 So.3d 79, 85.

La. C.C.P. art. 1471 allows a trial court to sanction a party who fails to obey an order to provide or permit discovery. Such sanctions include, refusing to allow the disobedient party to support designated claims, striking out pleadings, dismissing the action, or treating the failure to obey any order as a contempt of court. *S. Aggregates, LLC v. Baker*, 2019-0986, p. 7 (La.App. 4 Cir. 4/8/20), 294 So.3d 1076, 1080-81. "A trial court is vested with inherent power to maintain control of its docket and in case management." *Elysian, Inc. v. Neal Auction Co.*, 2020-0674, p. 17 (La.App. 4 Cir. 7/21/21), ---So.3d----, 2021 WL 3163257 at *9 (quoting *Gorbach v. Tulane Univ. Med. Ctr.*, 2011-1575, p. 4 (La.App. 4 Cir. 4/11/12), 89 So.3d 429, 432).

To strike a party's pleading under La. C.C.P. art. 1551(C) and La. C.C.P. art. 1471(A)(2), (3), and (4) for disobeying pre-trial scheduling orders is considered a "death penalty" sanction that "should seldom be imposed and should be reserved for only the most flagrant case." *Quinn v. Palmer*, 2019-1009, pp. 15-16 (La.App.

7

4 Cir. 3/25/20), 294 So.3d 541, 550 (quoting *Benware v. Means*, 1999-1410, p. 8 (La. 1/19/00), 752 So.2d 841, 846).

*Quinn* establishes the framework for analyzing the appropriateness of a trial court's sanction for a discovery violation. The *Quinn* court explained that before imposing a sanction for violating scheduling order:

> [T]he following four factors must be considered: "(i) whether the attorney, the client, or both committed the misconduct; (ii) the stage of the proceeding at which the violation occurred; (iii) the presence or absence of prejudice to the opposing **party's** preparation of the case; and (iv) the nature and persistency of the misconduct that constitutes the violation." *Winding v. Bryan*, 2014-0388, pp. 9-10 (La. App. 4 Cir. 9/17/14), 148 So.3d 956, 961-62 (citing *Benware*, 1999-1410 at pp. 9-10, 752 So.2d at 847).

*Quinn*, 2019-1009, p. 16, 294 So.3d at 550.

The first factor considers who committed the misconduct. Here, the record reflects that plaintiffs' counsel violated the discovery schedule, as both parties' counsel agreed to the schedule. The record further reflects that defense counsel emailed plaintiffs' counsel inquiring about the expert and exhibit lists to which plaintiffs' failed to comply with the request. The record does not reflect that plaintiffs were aware of the violation.

The second factor considers the stage of the proceeding at which the violation occurred. This matter commenced in 2005, with an initial trial date of May 11, 2011. On April 8, 2011, the trial was continued at the request of defendants. This matter has lingered for thirteen years without completion of discovery or a trial date since 2011.

The third factor considers the prejudice that the violation has caused the other party. A trial court should consider whether the action results in prejudice to the opposing party's trial preparations. *Show & Tell of New Orleans, L.L.C.*, 2014-

8

0843, p. 9, 156 So.3d at 1240. The record includes email correspondence, in which plaintiffs' counsel requested a two-week extension to file their exhibit list and additional witness list on July 20, 2018, and defense counsel agreed to the extension. Thereafter, defense counsel sent correspondence to plaintiffs' counsel on August 20, 2018 and September 7, 2018, informing plaintiffs' counsel that they did not receive plaintiffs' witness and exhibit lists. The purpose of a scheduling order is to hasten the matter to trial and judgment. *Hutchison v. Seariver Mar., Inc.*, 2009-0410, p. 10 (La.App. 1 Cir. 9/11/09), 22 So.3d 989, 996. We find that the mere fact the plaintiffs have not successfully prosecuted and brought this case to a resolution in thirteen years is prejudicial to all parties.

The final factor considers the nature and persistency of the misconduct that constitutes the violation. We note that defendants did not file a motion to compel discovery and the plaintiffs were not ordered to appear before the trial court to address their failure to comply with the discovery schedule. However, defense counsel agreed to plaintiffs' extension to submit the witness and exhibit lists. The record is void of any correspondence from plaintiffs' counsel in response to defense counsel's inquiries about the witness and exhibit lists. In consideration of the length of delays in this case and plaintiffs' counsel's continued failure to file timely pleadings or respond to correspondence, we find a persistent violation of the discovery schedule and that the trial court acted within its discretion by granting defendants' motion and prohibiting plaintiffs from filing untimely witness and exhibit lists.

### November 10, 2010 Trial Order

Next, plaintiffs argue that they previously complied with discovery by filing their witness list on December 21, 2010. The plaintiffs further contend that the

2018 discovery schedule is not an order, therefore La. C.C.P. art. 1471 is not applicable in this instance.

The record establishes that plaintiffs filed a witness list on December 21, 2010, in an attempt to comply with the November 10, 2010 trial order. The trial order, however, required the plaintiffs' witness list to be filed on or before December 10, 2010. Plaintiffs witness list was eleven days delinquent. At no time during the contradictory hearing on defendants' motion to strike did plaintiffs raise the issue that their witness list was filed eight years prior to the hearing nor did the plaintiffs file an opposition to defendants' motion to strike establishing that a witness list had previously been filed in this matter. Plaintiffs are raising this argument for the first time on appeal.

"Pursuant to Rule 1-3, Uniform Rules-Courts of Appeal, issues not raised in the district court will not be given consideration for the first time on appeal." *Mule v. St. Bernard Par. Fire Dep't*, 2018-0507, p. 5 (La.App. 4 Cir. 11/21/18), 259 So.3d 452, 454 (quoting *Guillory v. City of New Orleans*, 2016-0638, p. 7 (La.App. 4 Cir. 8/2/17), 224 So.3d 1035, 1040) (footnote omitted)). Plaintiffs' assignment of error is precluded from consideration.

We find no error in the trial court's June 14, 2019 judgment. The trial court acted within its vast discretion with regard to making this evidentiary ruling to grant defendants' motion to strike and prohibit plaintiffs from filing untimely witness and exhibit lists. Accordingly, we affirm the June 14, 2019 judgment sustaining defendants' request to strike plaintiffs' witness list, expert witness list and any exhibits.

**Motion for Summary Judgment**

10

The final issue we address is the trial court's February 5, 2020 judgment granting summary judgment in favor of defendants.

Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966(A)(2); *Simmons v. State*, 2018-0174, p. 3 (La.App. 4 Cir. 8/29/18), 255 So.3d 701, 703-04. As a matter of law, we review *de novo* defendants' motion for summary judgment.

The primary focus of defendants' motion for summary judgment was that plaintiffs would not be able to establish liability under La. C.C. art. 2315. Defendants argue that because plaintiffs' witness and exhibits lists were stricken from the record, there is an absence of factual support for essential elements of plaintiffs' claims against defendants. *See* La. C.C.P. art. 966(D)(1).

Plaintiffs filed an opposition to the motion for summary judgment; however, it was filed one day prior to the hearing. Pursuant to La. C.C.P. art. 966(B)(2), plaintiffs were required to file their opposition not less than fifteen days prior to the hearing of the motion for summary judgment. "The time limitation established by La. C.C.P. art. 966(B) for the serving of affidavits in opposition to a motion for summary judgment is mandatory; affidavits not timely filed can be ruled inadmissible and properly excluded by the trial court." *Buggage v. Volks Constructors*, 2006-0175, p. 1 (La. 5/5/06), 928 So.2d 536, 536.

Prior to the February 5, 2020 hearing, the trial court noted that it did not read plaintiffs' opposition because the opposition was filed late. The trial court elaborated, "I'll let you argue but . . . I don't have anything regarding the opposition." We find no error in the trial court's refusal to consider the plaintiffs'

untimely filed opposition. *See* La. C.C.P. art. 966(B)(2); *Buggage*, 2006-0175, p. 1, 928 So.2d at 536.

After a hearing on defendants' motion for summary judgment, the trial court granted the Motion for Summary Judgment finding:

> [W]e had a hearing on June 14th and I signed the judgment on June 14th granting the Motion to Strike plaintiff[s'] expert witnesses, fact witnesses, plaintiff[s'] exhibits and also there can be no fact witnesses at trial nor any expert testimony at trial. . . so based on that I am going to grant the Motion for Summary Judgment.

Given the procedural posture before us and the trial court's vast discretion to properly exclude evidence under the facts of this case, we find no error in the trial court's grant of the motion for summary judgment in favor of the defendants.

**CONCLUSION**

For the reasons assigned, we affirm the June 14, 2019 judgment granting defendants' motion to strike. The February 5, 2020 judgment granting defendant's motion for summary judgment and dismissing plaintiffs' claims with prejudice is also affirmed.

**AFFIRMED**