**THOMAS ANDERSON, ET AL.**       *       NO. 2024-C-0252

**VERSUS**       *

       **COURT OF APPEAL**

**CITY OF NEW ORLEANS, ET**       *

**AL.**       **FOURTH CIRCUIT**

       *

       **STATE OF LOUISIANA**

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2000-07489, DIVISION "J"
Honorable D. Nicole Sheppard,
\* \* \* \* \* \*
**Judge Sandra Cabrina Jenkins**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge
Sandra Cabrina Jenkins)

Gary J. Gambel
MURPHY, ROGERS, SLOSS GAMBEL&
TOMPKINS
701 Poydras Street
Suite 400
New Orleans, LA 70139

A.M. "Tony" Clayton
D'Ann Penner
CLAYTON FRUGE WARD
3741 Louisiana Highway 1 South
Port Allen, LA 70767

Jennifer N. Willis
WILLIS & BUCKLEY, APC
3723 Canal Street
New Orleans, LA 70119

       COUNSEL FOR PLAINTIFFS/ RESPONDENTS

Andrew R. Lee
Edward F. Lebreton, III
Meghan Smith
Tarak Anada
Marisa Del Turco

JONES WALKER LLP
201 St. Charles Avenue
Suite 5100
New Orleans, LA 70170

Jason Rogers Williams
Hannah Beth Salter
JASON WILLIAMS & ASSOCIATES, LLC
607 St. Charles Avenue
Suite 300
New Orleans, LA 70130

COUNSEL FOR DEFENDANT/RELATOR

**WRIT GRANTED.**
**JUDGMENT REVERSED.**
**MATTER REMANDED.**
**STAY LIFTED.**

**MAY 1, 2024**

Relator/defendant, Pan American Life Insurance Company, seeks expedited review of the trial court's judgment of April 29, 2024, granting the plaintiffs' motion in limine to limit the testimony of its expert witness, Dr. Andrew Maier.

The plaintiffs initiated this litigation seeking damages for injuries allegedly sustained as a result of their exposure to toxic substances which had leaked from barrels stored in the basement of the building located at 2400 Canal Street, where they worked. The facts of this case were succinctly expressed in this Court's prior decision in *Anderson v. City of New Orleans*, 2023-0796, p. 1 (La. App. 4 Cir. 1/30/24) ___ So.3d ___, ___, 2024 WL 339250, at *1:

> Pan-American was the original owner of the building located at 2400 Canal Street in New Orleans, Louisiana. In August of 1982, Pan-American sold the building and surrounding tracts to Poydras Square Associates, Inc. ("Poydras Square"), later known as NID Corporation ("NID"). After the sale, NID leased the property to the City of New Orleans (the "City"). Pursuant to the lease's terms, NID granted the City the full right to "have and hold the demised premises" and "any and all appurtenances belonging or appertaining thereto." The City acknowledged that it had inspected the premises and accepted the building in its existing condition. The leased building became known as the Annex; and, in January 1985, the City acquired full title and ownership of the property through a land exchange with NID.

1

The City continued ownership and occupancy of the Annex until December 1999. At that time, barrels containing toxic substances leaked, resulting in the Annex's evacuation. The barrels were discovered in the building's basement.

Respondents, who worked in the Annex, initially filed a petition for damages against the City. Respondents sought compensatory damages and punitive damages pursuant to La. C.C. art. 2315.3. Thereafter, Respondents filed an amended petition which added Pan-American as a defendant, asserting the same compensatory and punitive damages claims. Respondents' allegations against Pan-American contended that Pan-American placed the barrels in the Annex property before the 1982 sale and represented that the barrels contained toxic chemicals for an unknown period of time.

In the present writ application, Pan American complains that the trial court abused its discretion in limiting the testimony of its expert witness, Dr. Andrew Maier. Pan American offered Dr. Maier as an expert in toxicology and industrial hygiene. As part of his testimony, Pan American intended to have Dr. Maier discuss chemical exposure limits and chemical exposure assessments. After voir dire of Dr. Maier's credentials, the plaintiffs sought to limit Dr. Maier's testimony to exclude any discussion of chemical exposure limits and chemical exposure assessments. The plaintiffs argued that such testimony was beyond Dr. Maier's expertise because he acknowledged that he was not a chemist and as such, did not have the expertise and knowledge to assess chemical exposure limits. Pan American opposed the motion, asserting that the plaintiffs had filed a *Daubert* [1] motion pre-trial, which the trial court had denied. Pan American noted that it had timely provided the plaintiffs with Dr. Maier's report, which included his opinions about chemical exposure limits and assessments. The plaintiffs subsequently deposed Dr. Maier and questioned him on his qualifications and case specific opinions, prior to filing their *Daubert* motion. Pan American contended that the

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), adopted by the Louisiana Supreme Court in *State v. Foret*, 628 So.2d 1116, 1122 (La. 1993).

plaintiffs did not raise the argument concerning Dr. Maier's expertise on chemical exposure in their *Daubert* motion.

The trial court granted the plaintiff's motion, found Dr. Maier to be an expert in toxicology and industrial exposure, allowed his testimony concerning toxicology and industrial hygiene, and disallowed any testimony concerning chemical exposure limits and chemical exposure assessments. A review of the trial transcript, the prior *Daubert* motion filed by the plaintiffs and Dr. Maier's report and curriculum vitae reveals that the trial court abused its great discretion in granting the plaintiffs' motion and limiting Dr. Maier's testimony.

La. C.C.P. article 1425, which statutorily provides for a *Daubert* hearing, provides in pertinent part:

> F. (1) Any party may file a motion for a pretrial hearing to determine whether a witness qualifies as an expert or whether the methodologies employed by such witness are reliable under Articles 702 through 705 of the Louisiana Code of Evidence. The motion shall be filed not later than sixty days prior to trial and shall set forth sufficient allegations showing the necessity for these determinations by the court.
> (2) The court shall hold a contradictory hearing and shall rule on the motion not later than thirty days prior to the trial. At the hearing, the court shall consider the qualifications and methodologies of the proposed witness based upon the provisions of Articles 104(A) and 702 through 705 of the Louisiana Code of Evidence. For good cause shown, the court may allow live testimony at the contradictory hearing.
> (3) If the ruling of the court is made at the conclusion of the hearing, the court shall recite orally its findings of fact, conclusions of law, and reasons for judgment. If the matter is taken under advisement, the court shall render its ruling and provide written findings of fact, conclusions of law, and reasons for judgment not later than five days after the hearing.
>     *                        *                        *
>
> (6) Notwithstanding the time limitations in Subparagraphs (1), (2), and (3) of this Paragraph, by unanimous consent of the parties, and with approval by the court, a motion under this Paragraph may be filed, heard, and ruled upon by the court at any time prior to trial. The ruling by the court on such motion shall include findings of fact, conclusions of law, and reasons for judgment complying with the provisions of Subparagraph (4) of this Paragraph.

This Court recognized in *Allen v. Eagle Inc.*, 2022-0386, p. 9 (La. App. 4 Cir. 8/10/22), 346 So.3d 808, 814–815, that under the standards set forth in *Daubert* and *Foret*, a trial court is required to perform a "gatekeeping" function to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." (quoting *Versluis v. Gulf Coast Transit Co.*, 2008-0729, p. 5 (La. App. 4 Cir. 7/29/09), 17 So. 3d 459, 463 (citing *Daubert*, 509 U.S. at 589, 113 S.Ct. at 2795)).  Under La. C.E. article 702(A),

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (1) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (2) The testimony is based on sufficient facts or data;
> (3) The testimony is the product of reliable principles and methods; and
> (4) The expert has reliably applied the principles and methods to the facts of the case.

A trial court is afforded wide discretion in determining whether expert testimony should be admitted and who should not be qualified as an expert. A trial court's decision to qualify or disqualify an expert will not be overturned absent an abuse of discretion.  *Schwarzenberger v. Louisiana State Univ. Health Scis. Ctr. New Orleans*, 2017-0024, p. 6 (La. App. 4 Cir. 8/24/17), 226 So.3d 1200, 1205.[2]

---

[2] In *Schwarzenberger*, 2017-0024, p. 4, 226 So.3d at 1206, this Court discussed review under the abuse of discretion standard:

> Generally, a decision is considered an abuse if the trier of fact reaches a conclusion in a capricious or in an arbitrary manner. *See Tugwell v. Plaquemines Parish Gov't,* 14-0657, p. 5 (La. App. 4 Cir. 11/19/14), 154 So.3d 695, 699. This Court also held that, "[a]rbitrary or capricious" means the absence of a rational basis for the action taken. *See A.S. v. D.S.,* 14-1098, p. 17 (La. App. 4 Cir. 4/8/15), 165 So.3d 247, 257. Additionally, a court necessarily abuses its discretion if its ruling is based on an erroneous view of the law. *See Show & Tell of New Orleans, L.L.C. v. Fellowship Missionary Baptist Church,* 14-0843, p. 8 (La. App. 4 Cir. 12/17/14), 156 So.3d 1234, 1240. *Boudreaux v. Bollinger Shipyard,* 2015-1345 (La. App. 4 Cir. 6/22/16), 197 So.3d 761; § 11.3. *Opinion testimony—Experts—Generally, 19 La. Civ. L. Treatise, Evidence And Proof § 11.3 (2d ed.).*

However, when the trial court commits a legal error, an appellate court's standard of review is *de novo*. *Allen v. Eagle Inc.*, 2022-0386 (La. App. 4 Cir. 8/10/22), 346 So.3d 808. In *Allen v. Eagle, Inc.*, this Court found that the trial court's failure to comply with the requirements of La. C.C.P. article 1425(F) constituted legal review and required *de novo* review.

In the present matter, the plaintiffs filed a *Daubert* motion in March 2024, which was heard and denied by the trial court. The plaintiffs did not question Dr. Maier's expertise to testify to chemical exposure limits and chemical exposure assessments in their *Daubert* motion. The Daubert motion filed in March 2024, was in compliance with La. C.C.P. article 1425. However, the plaintiffs' oral motion filed during trial and considered by the trial court did not comply with La. C.C.P. 1425. As such, the trial court's ruling may be reviewed *de novo* by this Court.

A review of Dr. Maier's report and curriculum vitae indicates that he provided his expert opinion on those issues and was qualified to express such opinions. Dr. Maier received a bachelor of science degree in natural resources, a master of science degree in industrial health and a Ph.D. in toxicology. He testified that the field of industrial health is the science of evaluating exposures and health risks. Dr. Maier stated that toxicology involves the review of the way chemicals interact with the body and causes adverse effects. Dr. Maier's curriculum vitae includes his fellowships with the American Industrial Hygiene Association and the National Institute for Occupational Safety and Health.

5

Dr. Maier's curriculum vitae listed his present position as a principal scientist with Integral Consulting, a science and technology consulting firm that helps address public health and environmental science concerns. In this position, he leads teams of scientists to solve different kinds of chemical health risk assessment problems. Much of his work is in setting occupational and environmental exposure limits. Dr. Maier's report and curriculum vitae supports Pan American's argument that the trial court erred in limiting Dr. Maier's testimony.

The trial court erred in considering an oral *Daubert* motion during the middle of trial, in which plaintiffs presented new arguments that could have been included in their *Daubert* motion filed and considered prior to trial. For the foregoing reasons, the trial court's judgment is reversed, and the matter is remanded to the trial court.

WRIT GRANTED.
JUDGMENT REVERSED.
MATTER REMANDED.
STAY LIFTED.
