|, KIRBY, Judge.
Defendant, Neighborhood Housing Service of New Orleans (“NHS”), appeals two First City Court judgments in favor of plaintiff, Roy Lee Meyers. In a judgment dated August 19, 1998, NHS was ordered to pay plaintiff $2,768.00 with legal interest from date of judicial demand and its recon-ventional demand against plaintiff was dismissed. In a judgment dated December 4, 1998, NHS was ordered to pay plaintiff $300.00 for failure to appear at a judgment debtor rule plus costs for the filing of the rule.
Plaintiff filed his lawsuit against NHS and another defendant, Neighborhood Restorations, Inc. (“NRI”), in First City Court of New Orleans. The claims against both defendants concerned improvements and repair work performed on immovable property purchased by plaintiff. Following trial, the trial judge rendered judgment on August 19, 1998 in favor of plaintiff and against NRI in the amount of $20,000.00 plus an award for attorney’s fees. Judgment was also rendered in favor of plaintiff and against NHS in the amount of $2,768.00. Both NRI and NHS initially appealed that First City Court judgment but plaintiff and | ?NRI subsequently reached a settlement and, according to plaintiffs statement in his brief, NRI tendered its portion of the judgment to plaintiff. For purposes of this appeal, NHS is the only remaining defendant.
LSA-C.C.P. art. 4843 D states that “[t]he civil jurisdiction of a city court in New Orleans ... is concurrent with the district court in cases where the amount in dispute, or the value of the property involved does not exceed twenty thousand dollars.” The “amount in dispute” is the total amount at risk in the litigation. See Walker v. Thap, 92-0016 (La.App. 4 Cir. 5/17/94), 637 So.2d 1150. In this case, defendant NRI was cast in judgment for an amount equal to the jurisdictional limit of First City Court. Once the jurisdictional limit of First City Court was reached in the August 19, 1998 judgment against NRI, the First City Court exceeded its jurisdiction in awarding an additional amount to be paid by NHS to plaintiff. Therefore, the portion of the August 19, 1998 judgment rendered in favor of plaintiff and against NHS is an absolute nullity and must be vacated. See LSA-C.C.P. art.2002.
NHS also appeals the December 4, 1998 judgment in which plaintiff was awarded $300.00 plus costs for NHS’s failure to appear at a judgment debtor rule. We cannot determine from the judgment what code article or statute the First City Court relied upon in imposing this award. LSA-C.C.P. art. 2456 authorizes a punishment of contempt for failure to appear at a judgment debtor rule. Whether the award is characterized as one for contempt or sanctions, it cannot be upheld by this Court because the record does not show that NHS was given notice or allowed |3a hearing prior to the award being assessed against it. Fundamental due process considerations demand that a party be given notice and the opportunity to be heard before being sanctioned or held in contempt. See LeBlanc v. GMAC Financial Services, 97-0131 (La.App. 4 Cir. 5/28/97), 695 So.2d 1106; Matter of Interdiction of Thomson, 602 So.2d 300 (La.App. 3 Cir. 1992). Accordingly, the December 4, 1998 judgment ordering NHS to pay $300.00 for failure to appear at the judgment debtor rule is vacated. This case is remanded to First City Court for further proceedings not inconsistent with this opinion only on the issue of NHS’s failure to appear at the judgment debtor rule.
JUDGMENT OF AUGUST 19, 1998 VACATED; JUDGMENT OF DECEM *757 BER 4, 1998 VACATED; CASE REMANDED.