LISA LEFLORE                *        NO. 2022-C-0631

VERSUS                  *

                           **COURT OF APPEAL**

VALERO REFINING-         *

MEREAUX, LLC               **FOURTH CIRCUIT**

                      *

                           **STATE OF LOUISIANA**

                * * * * * * *

APPLICATION FOR WRITS DIRECTED TO
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 21-0472, DIVISION "E"
Honorable Eric A. Bopp,
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown)


Raymond P. Ward
Roland M. Vandenweghe, Jr.
Taylor E. Brett
ADAMS AND REESE LLP
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139

Jacque R. Touzet
ATTORNEY AT LAW
900 Camp Street, Floor 3
New Orleans, Louisiana 70130

       COUNSEL FOR RELATOR/DEFENDANT


Lance V. Licciardi
LICCIARDI LAW OFFICE, L.L.C.
1019 W. Judge Perez Dr.
Chalmette, Louisiana 70043

Michael C. Ginart, Jr.
LAW OFFICE OF MICHAEL C. GINART, JR. & ASSOCIATES
2114 Paris Rd.
Chalmette, Louisiana 70043

David C. Jarrell
ATTORNEY AT LAW
9101 W. St. Bernard Hwy.
Chalmette, Louisiana 70043

COUNSEL FOR RESPONDENT/PLAINTIFF

**WRIT GRANTED; JUDGMENT VACATED IN PART;
MOTION DENIED**

**NOVEMBER 30, 2022**

Relator, Valero Refining-Meraux, LLC ("Valero"), seeks review of the district court's August 22, 2022 judgment assessing costs to Valero, as a sanction for violating La. C.C.P. art. 1450, in the amount of $1,413.30, for the costs associated with plaintiff's purchase and filing of deposition transcripts in opposition to Valero's motion for summary judgment.[1]  For the following reasons, we find the trial court erred in imposing the sanction against Valero.  Accordingly, we grant Valero's writ and vacate that portion of the district court's August 22, 2022 judgment.

**FACTS AND PROCEDURAL BACKGROUND**

In July 2020, plaintiff, Lisa Leflore, filed a petition for damages against Valero in the justice of the peace court of St. Bernard Parish.  Plaintiff alleged she suffered emotional damages as a result of an April 10, 2020 explosion at Valero's refinery, located near plaintiff's residence.

---

[1] Valero does not seek review of the portion of the district court's August 22, 2022 judgment that denies its motion for summary judgment.

1

On March 29, 2021, after a trial on the merits, the justice of the peace court rendered a judgment in favor of Valero, dismissing plaintiff's claims with prejudice. Thereafter, plaintiff filed a petition for appeal in the district court, to have a trial *de novo* pursuant to La. C.C.P. art. 4924.[2]

On July 12, 2021, Valero filed a motion for summary judgment in the district court, arguing that there were no genuine issues of material fact supporting a reversal of the judgment rendered by the justice of the peace court, and seeking dismissal of plaintiff's suit. In support of its motion for summary judgment, Valero submitted excerpts of deposition transcripts of plaintiff and her family members who lived in the same house.

After receiving Valero's motion for summary judgment, plaintiff's counsel communicated with Valero's counsel to make "formal demand under [La. C.C.P. art.] 1450(A)(4) for [Valero] to introduce the entirety of all depositions rather than excerpts." Valero's counsel responded stating that Valero would not be introducing the entirety of the transcripts, because La. C.C.P. art. 1450(A)(4) was not applicable to their motion for summary judgment, but that plaintiff was free to attach the entirety of the transcripts to any opposition filed.

In opposition to Valero's motion for summary judgment, plaintiff argued that plaintiff's deposition and affidavit, as well as the additional deposition

_____

[2] La. C.C.P. art. 4924 provides in pertinent part as follows:
   A. Appeal from a judgment rendered by a justice of the peace court or a clerk of court, shall be taken to the parish court or, if there is no parish court, to the district court of the parish in which the justice of the peace court is situated.
   B. The case is tried de novo on appeal. However, a trial de novo, in the district court from the justice of the peace court, is not subject to the jurisdictional limit of the justice of the peace court.

2

testimony of family members demonstrated that there were genuine issues of material fact that precluded summary judgment. In support, plaintiff attached the entire deposition transcripts and cited to deposition testimony that had not been included with Valero's motion for summary judgment. Plaintiff also noted its objection to Valero's failure to include full deposition transcripts with its motion for summary judgment and to produce those transcripts after formal demand was made pursuant to La. C.C.P. art. 1450(A)(4). Finally, plaintiff requested that the costs incurred for production of the full deposition transcripts be assessed against Valero.

The district court held a hearing on Valero's motion for summary judgment on August 16, 2021. The district court rendered judgment in open court, denying Valero's motion for summary judgment and granting the request for costs. The district court asked plaintiff's counsel to prepare a written judgment. The written judgment was not circulated by counsel until August 12, 2022, and was signed by the district court on August 22, 2022. Thereafter, Valero filed its notice of intent to seek supervisory review of the judgment.[3]

## DISCUSSION

Valero argues that the district court erred in sanctioning Valero for not producing the entire deposition transcripts, because the Louisiana Civil Code of

---

[3] We note that Valero's notice of intent and writ application were filed more than one year after the district court rendered its judgment in open court. However, because the district court ordered plaintiff to prepare a written judgment that was not signed until August 22, 2022, we find Valero's writ application, filed on September 22, 2022, timely. *See Vigne v. Cooper Air Freight Services*, 21-0205, pp. 5-6 (La. App. 4 Cir. 5/21/21), 321 So.3d 440, 443.

3

Procedure does not authorize a sanction for a failure to respond to a request for production of depositions under La. C.C.P. art. 1450(A)(4).

In general, a district court's imposition of sanctions is subject to an abuse of discretion review. *Elysian, Inc. v. Neal Auction Co., Inc.*, 20-0674, p. 17 (La. App. 4 Cir. 7/21/21), 325 So.3d 1075, 1087. However, if the district court exercised that discretion based on an erroneous interpretation or application of the law, then the district court's decision is due no deference. *Show & Tell of New Orleans, L.L.C. v. Fellowship Missionary Baptist Church*, 14-0843, p. 8 (La. App. 4 Cir. 12/17/14), 156 So.3d 1234, 1240.

In this case, the district court's judgment imposed costs against Valero as a sanction for "violating [La. C.C.P.] Article 1450".[4] Though not specified in the judgment, plaintiff requested the costs as a sanction for Valero's failure to respond to plaintiff's request to produce the entire deposition transcripts, pursuant to La. C.C.P. art. 1450(A)(4), which provides as follows:

> A. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under Louisiana Code of Evidence applied as though the witnesses were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
> * * *
> 4. If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce any other part which, in

---

[4] A review of the hearing transcript reveals the district court did not refer to the assessment of costs as a "sanction", but the written judgment specifically states that Valero is assessed costs as a sanction. The written judgment is controlling even if the district court may have intended otherwise. *Bates v. City of New Orleans*, 13-1153, p. 14 (La. App. 4 Cir. 3/26/14), 137 So.3d 774, 784 (citing *McGee v. Wilkinson*, 03-1178, p. 4 (La. App. 1 Cir. 4/2/04), 878 So.2d 552, 554; and *Stoffer v. Stoffer*, 29,458, pp. 3-4 (La. App. 2 Cir. 5/7/97), 693 So.2d 1229, 1231).

4

fairness, should be considered with the part introduced, and any party may introduce any other parts.

The plain language of La. C.C.P. art. 1450 does not provide any explicit authority for the district court to impose sanctions. However, plaintiff argues that a "mechanism of enforcement" is "necessarily implied by the obligation" to comply with the statute. Plaintiff further argues that other statutory provisions—La. C.C.P. arts. 191, 863, and 1420—provide the district court with a mechanism of enforcement that includes assessing costs.

We find no support for plaintiff's arguments, and we find the district court was without authority to impose costs as a sanction under La. C.C.P. art 1450 or any other procedural article.

La. C.C.P. art. 1450 states that a party "may" use any part or all of a deposition and an adverse party "may require him to introduce any other part which, in fairness, should be considered with the part introduced, . . . ." The language of the statute is discretionary, and "there is no absolute right under any circumstances to use party … deposition testimony under La. C.C.P. art. 1450." *Citadel Broad Corp. v. Axis U.S. Ins. Co.*, 14-0326, p. 13 (La. App. 4 Cir. 2/11/15), 162 So.3d 470, 478-79.

Regarding the district court's authority to enforce La. C.C.P. art. 1450, we acknowledge that the district court "possesses inherently all of the power necessary for the exercise of its jurisdiction even though not expressly granted by law", pursuant to La. C.C.P. art. 191. However, "[f]undamental due process considerations demand that a party be given notice and the opportunity to be heard

5

before being sanctioned or held in contempt." *Meyers v. Neighborhood Restorations, Inc.*, 98-3046, p. 3 (La. App. 4 Cir. 9/1/99) 743 So.2d 755, 756. Looking to the statutes cited by plaintiff that specifically provide for sanctions, La. C.C.P. arts. 863 and 1420 both require a motion be heard by the court to determine whether the party has violated the particular rule or statute and to determine the appropriate sanction.[5] Notably, neither La. C.C.P. art. 863 or 1420, which pertain respectively to the signing of pleadings and discovery requests, applies to this case.

---

[5] La. C.C.P. art. 863, which pertains to the signing of pleadings, provides in pertinent part as follows:

> D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

> E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

> F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.

> G. If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions of this Article and explain the basis for the sanction imposed.

La. C.C.P. art. 1420 relating to the signing of discovery requests, responses, or objections, in part states:

> D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the request, response, or objection, including a reasonable attorney's fee.

> E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

In this case, plaintiff did not file a formal discovery request seeking for Valero to produce the entire deposition transcripts, plaintiff did not file a motion to compel Valero to comply with La. C.C.P. art. 1450, and plaintiff did not motion the court to determine whether Valero violated the statute and to determine an appropriate sanction. The Louisiana discovery rules have a "built-in second chance for most recalcitrant parties to comply with discovery and pay motion costs and fees" before the imposition of sanctions associated with disobeying a court order. *MTU of North American, Inc. v. Raven Marine, Inc.*, 475 So.2d 1063, 1070 (La. 1985).

The district court did not issue any order requiring Valero to produce the full transcripts or for any compliance with La. C.C.P. art. 1450 prior to imposing sanctions against Valero for violating the statute. Consequently, we find the district court was without authority to impose a sanction on Valero for a violation of La. C.C.P. art. 1450.

## MOTION FOR DAMAGES

In response to Valero's writ application, plaintiff/respondent filed a motion for damages under La. C.C.P. art. 2164, arguing that Valero's writ is frivolous. Even "irrespective of the ultimate disposition of the issues that are subject of [Valero's] writ," plaintiff asserts that the writ application is frivolous because, four days after the trial court's ruling on August 20, 2021, plaintiff offered to Valero to vacate the judgment. Plaintiff submitted the following offer to Valero by email:

> As I mentioned to Jacque, as a gesture of good faith, we are willing to vacate the judgment as to the taxation of costs in the *Leflore* and

*Raines* matters such that costs will be subject to taxation at the conclusion of the case. The trial is just weeks away anyway.

But, plaintiff states that Valero ignored the offer in bad faith, and, therefore, plaintiff argues she should be awarded damages, including attorney's fees "because Valero could have obtained the relief it is requesting, whether or not it was actually entitled to such relief, by simply cooperating with and responding to opposing counsel's offer."

Plaintiff's argument is without merit, because plaintiff had no authority to offer to vacate the district court's judgment. Moreover, we do not find Valero's writ application to be frivolous.

## CONCLUSION

For the foregoing reasons, we grant Valero's writ application and vacate the portion of the district court's August 22, 2022 judgment assessing costs as a sanction against Valero. In addition, we deny plaintiff's motion for damages.

**WRIT GRANTED; JUDGMENT VACATED IN PART; MOTION DENIED**